613 So.2d 446 (1993)
Robin Lee ARCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 78701.
Supreme Court of Florida.
January 28, 1993.
Rehearing Denied March 4, 1993.
*447 Nancy A. Daniels, Public Defender and David A. Davis, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Robin Lee Archer appeals his conviction of first-degree murder and his sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. Although we affirm Archer's conviction, we vacate his sentence and remand for resentencing.[1]
According to the testimony presented at trial, Archer was fired from his job at an auto parts store in March 1990. The following January he convinced his cousin, seventeen-year-old Pat Bonifay, to kill the clerk he apparently blamed for his having been fired. Bonifay testified that Archer told him to rob the store to hide the motive for the killing and to wear a ski mask and gloves and also told him the location of the store's cash box and emergency exit. Bonifay borrowed a handgun from a friend who gave the gun to Archer to give to Bonifay.
Bonifay talked two friends into helping him, and the trio went to the parts store on Friday night, January 24, 1991. Bonifay could not go through with the murder, however, and they left the store. The next day Archer got after Bonifay for not killing the clerk, and the trio went back to the store that night. Bonifay shot the clerk and he and one of his friends crawled into the store through the night parts window. After opening the cash boxes, Bonifay shot the clerk in the head twice as he lay on the floor begging for his life. Archer later refused to pay Bonifay because he killed the wrong clerk.
Bonifay confessed to several people, one of whom informed the authorities, resulting in the arrest of Archer, Bonifay, and Bonifay's two friends. The defendants were tried separately, and Archer's jury convicted him of first-degree murder. The judge agreed with the jury's recommendation and sentenced him to death.[2]
As his first point on appeal, Archer argues that his motion for judgment of acquittal should have been granted because the victim's murder was independent of the *448 agreed-upon plan to kill a different clerk. For an issue to be preserved for appeal, however, it "must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved." Tillman v. State, 471 So.2d 32, 35 (Fla. 1985). Archer did not make the instant argument in the trial court, and, therefore, this issue has not been preserved for appellate review.
Even if the issue had been preserved, we would find that it had no merit. As this Court has previously stated:
The law, as well as reason, prevents [a defendant] from taking advantage of his own wrong doing, or excusing himself when this unlawful act, if committed by [a defendant], strikes down an unintended victim. The original malice as a matter of law is transferred from the one against whom it was entertained to the person who actually suffered the consequences of the unlawful act.
Coston v. State, 139 Fla. 250, 253-54, 190 So. 520, 522 (1939); Provenzano v. State, 497 So.2d 1177 (Fla. 1986), cert. denied, 481 U.S. 1024, 107 S.Ct. 1912, 95 L.Ed.2d 518 (1987); Parker v. State, 458 So.2d 750 (Fla. 1984), cert. denied, 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985). Bonifay testified that he knew neither of the clerks and that he did not know that he killed the wrong one until Archer told him. Archer created the situation, and the victim's death was a natural and foreseeable result of Archer's actions. Bonifay's killing the victim was not an independent act for which Archer can deny responsibility. Compare Bryant v. State, 412 So.2d 347 (Fla. 1982) (victim's death was outside the common design of the original felonious collaboration). Therefore, the evidence is sufficient to support Archer's conviction of first-degree murder.
At the penalty-phase charge conference Archer argued that the jury should not be instructed on the heinous, atrocious, or cruel aggravator because that aggravator could not be applied vicariously to him. In Omelus v. State, 584 So.2d 563 (Fla. 1991), we held that a defendant who arranges for a killing but who is not present and who does not know how the murder will be accomplished cannot be subjected vicariously to the heinous, atrocious, or cruel aggravator. Here, Archer knew that Bonifay would use a handgun to kill the victim; he did not know, however, that the victim would be shot four times or that he would die begging for his life. Witnesses testified to the manner of the victim's death, and the prosecutor argued the applicability of this aggravator. On the facts of this case we are unable to say that the error in instructing on and finding this aggravator is harmless. Therefore, we vacate Archer's death sentence and direct the trial court to empanel a jury and conduct a new sentencing proceeding.[3]
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The jury also convicted Archer of armed robbery and grand theft. Archer does not challenge these convictions, and, because they are supported by the evidence, we affirm them.
[2] Bonifay's jury also convicted him of first-degree murder, and his appeal of that conviction and his resultant death sentence is pending before this Court. Bonifay v. State, no. 78,724.
[3] Due to this holding, we do not address the other issues raised on appeal.