653 So.2d 474 (1995)
Jacob Der HAGOPIAN, Jr., Appellant,
v.
In re Guardianship of Marie ZIMMER, Lois M. Rosenzweig, Guardian of the Person and Property of Marie Zimmer, and George Elias, Jr., Attorney Ad Litem for Marie Zimmer, Appellees.
Nos. 93-1503, 93-1773 and 93-1961.
District Court of Appeal of Florida, Third District.
April 12, 1995.
Richard and Richard and Richard Sarafan, Miami, for appellant.
Mershon, Sawyer, Johnston, Dunwoody & Cole and Jack A Falk, Jr. and William M. Pearson, Miami, for appellee guardian.
George Elias, Jr., Miami, for appellee attorney ad litem.
Before SCHWARTZ, C.J., and BASKIN and GREEN, JJ.
GREEN, Judge.
This is an appeal from orders of the probate court which authorized liquidation of *475 funds held in a joint account to pay estate expenses and attorneys' fees and costs incurred during the guardianship of Marie Zimmer.
Before being incapacitated by a stroke, Marie Zimmer opened numerous Totten Trust accounts, containing substantial assets, in her name as trustee for various relatives. One of the accounts in existence at the time of Ms. Zimmer's stroke was not a Totten Trust but a joint account with rights of survivorship[1] opened with appellant Jacob Der Hagopian, Jr. at the brokerage firm of Smith, Barney, Harris, Upham & Co., Inc.
After Ms. Zimmer's stroke, Lois Rosenzweig was appointed guardian of Ms. Zimmer's person and property. In April 1991, George Elias, Jr. was appointed attorney ad litem and monitor to conduct an investigation into issues raised by various relatives concerning alleged improprieties by the guardian. Through counsel, Hagopian was served with pleadings (including the order appointing Elias as attorney ad litem and monitor) and appeared at all these proceedings.
Elias filed his report and recommendations in February 1993. This report was not served on either Hagopian or his attorney. In April 1993, Elias filed a petition seeking an award of more than $97,000 in fees and costs. Again, this petition was not served on Hagopian.
In May 1993, the guardian filed a memorandum of law in support of her objections to Elias' fee petition. In the memorandum, the guardian asserted that Hagopian, as the designated holder of a joint interest in the brokerage account, was entitled to notice and an opportunity to be heard in connection with the fee petition if assets of the joint account would be used to pay any fees or costs. This memorandum was not served on Hagopian.[2]
On May 26, 1993, a hearing was held, without notice to Hagopian, which determined that he was not entitled to notice or the opportunity to present evidence as to whether he had a present interest in the joint account. The order resulting from this hearing also directed Smith, Barney to disburse $40,000 to Elias. Before Hagopian learned of this order, Smith-Barney disbursed the $40,000. Hagopian has appealed this order.
On June 3, 1993, the trial court entered another order, again without notice to Hagopian, directing the complete liquidation of the Smith, Barney account. Once again, before Hagopian learned of this second order, Smith, Barney complied with the order and transferred the remaining balance of the joint account to the guardian. A second appeal was filed from this order.[3] The guardian has stipulated that at the time the orders on appeal were entered, there were sufficient assets in the Totten Trust to provide for Ms. Zimmer's care.
It is well established under traditional notions of due process that Hagopian had an absolute right to notice of and an opportunity to be heard at the hearings which, in effect, finally determined his interest in the joint brokerage account. Quay Dev., Inc. v. Elegante Bldg. Corp., 392 So.2d 901 (Fla. 1981) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)); Bryant v. Department of Professional Regulation, 603 So.2d 131 (Fla. 3d DCA 1992); Rosenblatt, Greene & Arnowitz, P.A. v. Flinn, 485 So.2d 484 (Fla. 3d DCA 1986).
The person whose name appears on legal title is presumed to be the owner of the property in question. Cannova v. Carran, 92 So.2d 614, 619 (Fla. 1957). Where an asset is held jointly, there is a strong presumption of *476 joint ownership and in the absence of strong evidence of contrary intent, the joint ownership will not be disturbed. Barlow v. Department of Health & Rehabilitative Services, 512 So.2d 1069, 1070 (Fla. 1st DCA 1987); Constance v. Constance, 366 So.2d 804, 807 (Fla. 3d DCA), cert. denied, 376 So.2d 70 (Fla. 1979). Further, when a joint bank account is established with the funds of one person, there is a presumption that a gift was made of the funds remaining in the account and again, only clear and convincing evidence to the contrary will rebut the presumption. Winterton v. Kaufmann, 504 So.2d 439, 442 (Fla. 3d DCA), rev. denied, 515 So.2d 231 (Fla. 1987). Anyone contesting Hagopian's apparent legal interest in the joint brokerage account was obligated to present evidence that he, in fact, had no such legal interest and that Ms. Zimmer had not made a gift of the funds to him. It is undisputed that no such testimony was presented to the trial court.
From arguments raised on appeal, it is apparent that the trial court relied on McGinnis v. Kanevsky, 564 So.2d 1141 (Fla. 3d DCA 1990) for the proposition that Hagopian was not entitled to notice and an opportunity to be heard before the court invaded the joint brokerage account to pay some portion of Elias' fees and costs. The McGinnis opinion recognizes that in a petition for fees or expenses (guardianship fees in McGinnis) only the ward and his estate are interested parties and other parties, such as heirs, are excluded from the notice requirement. McGinnis, 564 So.2d at 1143, n. 7. But Hagopian is neither Ms. Zimmer's heir nor potential beneficiary. He is a presumptive owner of the assets in the joint account. It seems clear that he was, at the very least, an "interested person" entitled to formal notice under Florida Probate Rule 5.041. As such, it was fundamental error not to give Hagopian notice and an opportunity to participate in the hearings which first invaded, and then completely liquidated, the assets in the Smith, Barney account.
We reverse and remand this case to the trial court for further proceedings. Our disposition of this issue makes it unnecessary to consider the other issues raised by the guardian and the attorney ad litem.
Reversed and remanded.
NOTES
[1] Section 689.15, Florida Statutes (1989) requires that an instrument creating a joint tenancy must expressly provide for the right of survivorship. Otherwise (unless the joint tenants are husband wife), the estate created will be one of tenancy in common.
[2] The guardian also argued that the beneficiaries of the Totten Trusts should be provided notice since those assets would be needed to pay the fees requested by Elias.
[3] A third appeal was filed after the trial court awarded Elias $75,000 for fees and $2,923.99 for costs after a hearing in which no expert testimony was offered. Elias concedes that the order on fees and costs must be remanded for an evidentiary hearing which will include expert testimony.