664 So.2d 66 (1995)
Mercedes DE SOTO, Appellant,
v.
GUARDIANSHIP OF Antonio DE SOTO and Guardianship of Martha De Soto, Appellees.
No. 95-922.
District Court of Appeal of Florida, Third District.
December 13, 1995.
*67 Tew & Beasley and Joseph A. DeMaria, Humberto H. Ocariz, and Sheri B. Ross, Miami, for appellant.
J. James Donnellan, III, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
Mercedes De Soto appeals from a final order of the probate court directing payment to her of funds held in trust. The Guardianships of Antonio De Soto and Martha De Soto cross-appeal. For the following reasons, we reverse.
Mercedes De Soto is the sister of Antonio De Soto who is married to Martha De Soto. The three have lived together for most of the past fifty years. All moved to the United States from Cuba more than thirty years ago. Around that time, several joint bank accounts were opened in the United States, each bearing all three names  Mercedes, Antonio, and Martha De Soto. Mercedes and Antonio both contributed funds to the joint accounts; Martha contributed nothing. The evidence suggests that Antonio, who owned photography studios in which Mercedes sometimes worked, contributed a greater amount than his sister. Beyond these bare facts, there is little competent evidence of the depositors' intent regarding the funds.
In September 1993, Antonio's son, Antonio, Jr., obtained the power of attorney from his father and transferred the funds, then totalling $324,000, from the joint accounts and into an account with his father named as trustee and Antonio, Jr., as sole beneficiary. The son was subsequently appointed plenary guardian for his father and partial guardian for his mother, Martha. After this, in September 1994, Mercedes filed a petition in probate court seeking recovery of one-half the $324,000. After conducting a trial, the probate court awarded Mercedes $60,000 of the funds.
Mercedes claims she is entitled to one-half the $324,000 because she and Antonio contributed to the accounts but Martha contributed nothing. The guardianships counter that Mercedes should not have received anything because she contributed little to the accounts as indicated by the great disparity of interest income claimed on Mercedes and Antonio's tax returns.
Funds contributed to a joint bank account by one of the owners of the account are presumed to be a gift to the other owners of the account absent clear and convincing evidence to the contrary. Hagopian v. Zimmer, 653 So.2d 474 (Fla. 3d DCA 1995). Further, the interests of all joint owners in the funds survive their transfer from the account by one of the owners. In re Guardianship of Medley, 573 So.2d 892 (Fla. 2d DCA 1990). Neither party presented evidence sufficient to overcome the presumption that each party owns an equal share of the funds. Thus, Mercedes was entitled to a one-third share of the funds or $108,000. The parties' remaining points on appeal lack merit.
Reversed and remanded.