W. SHARP, Judge,
dissenting.
I respectfully dissent. First, I do not think that C.N. preserved the issues of whether the state presented sufficient evidence to show he intended to commit an offense inside the victim’s home, as argued on appeal, or whether the state failed to present evidence that was inconsistent with his reasonable hypothesis of innocence, as the majority opinion holds. At the close of the state’s ease, C.N. moved for judgment of acquittal on the ground that there was no evidence that he opened a door or window. Since C.N. failed to present in the trial court either the argument urged by counsel on appeal, or the ground relied upon by this court in reversing, neither is preserved for appellate review. Archer v. State, 613 So.2d 446 (Fla.1993); Tillman v. State, 471 So.2d 32 (Fla.1985).
It also appears to me that even if C.N. had properly argued to the trial court that the state failed to present evidence that was inconsistent with his reasonable hypothesis of innocence, and received an adverse ruling by the trial court, I would agree with the trial court in this ease that his position has no merit. C.N. claimed he was intoxicated and was merely trying to get into the home of a person he knew named Mr. Barnes.
The evidence at trial established that C.N. aggressively attempted to enter a dwelling, first beating on the front door, and then on a window. The home owner called 911 to report a man armed with a pipe was trying to break into his home. The victim testified that C.N. was coherent and conversing with him during the attempted break-in. The victim told C.N. he was not Mr. Barnes and there was no one at the dwelling with that name. The victim further testified that C.N. appeared to understand.
Nonetheless, C.N. said he was coming into the residence. He then tried to force his way in through a window. At that point, C.N. could clearly see the victim. Had C.N. not fallen into a flower bed, and the police instantly arrived on the scene, he likely would have broken the window. In my view, the evidence was sufficient to controvert his reasonable hypothesis of innocence: that he was merely intoxicated and looking for an acquaintance. I would affirm the adjudication of delinquency based on attempted burglary of a dwelling.