PER CURIAM.
Ubangi E.S. Hajj-Mak appeals an order directing the Department of Revenue to release his $5,000 in lottery winnings to his former wife in partial payment of child support arrearages of $8,280. He complains that the lottery funds were released to his former wife without a hearing and in violation of due process. The order from which Hajj-Mak appeals, however, indicates that a hearing did take place on March 29, 1999, prior to the funds being released to the former wife. Further, at this hearing in which Hajj-Mak participated, he did not raise the due process argument he attempts to raise here for the first time on appeal. E.g., Archer v. State, 613 So.2d 446 (Fla.1993) (for an issue to be preserved for appeal, it must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved). We also note that the trial court scheduled a hearing to allow Hajj-Mak to present his “complaint [that] the income deduction order resulted] in too much being deducted for child support,” but that Hajj-Mak elected instead to bring this appeal.
Lastly, section 24.115, Florida Statutes (1999), specifically provides that payment of an outstanding child support debt takes priority over a payment directly to the prize winner. Accordingly, the trial court’s order is
AFFIRMED.
W. SHARP, PETERSON and THOMPSON, JJ., concur.