960 So.2d 895 (2007)
Ronald Allen SPARKLIN, Appellant,
v.
SOUTHERN INDUSTRIAL ASSOCIATES, INC., Appellee.
No. 5D06-913.
District Court of Appeal of Florida, Fifth District.
July 20, 2007.
*896 Aaron Metcalf of Abbott Law Firm, P.A., Jacksonville, for Appellant.
John Bengier, Mitchell N. Silver, and George M. Meier, of Meier, Bonner, Muszynski, O'Dell Harvey, P.A., Orlando, for Appellee.
MONACO, J.
The appellant, Ronald Allen Sparklin, appeals the order of the trial court granting the motion of the appellee, Southern Industrial Associates, Inc., for attorney's fees and costs pursuant to the offer of judgment statute, section 768.79, Florida Statutes (2004). Because the offer contained ambiguous nonmonetary terms, we reverse.
Mr. Sparklin was injured when the bed of a dump truck owned by Tom Waltz fell on him. Tom Waltz had purchased the truck from Bartow Ford Company, who contracted with Southern Industrial to assemble the vehicle. Southern Industrial had purchased the hoist system for use in assembling the bed of the dump truck from Venco Manufacturing, Inc. Mr. Sparklin filed a multi-count complaint against all of the involved parties: Venco for strict liability for the defective design and manufacture of the hoist system and for simple negligence; Southern Industrial for strict liability for the inadequate and dangerous installation of the hoist, and for simple negligence in the installation of the hoist; Bartow Ford for strict liability for selling the truck in a defective condition and for simple negligence; and Waltz, Inc. and Tom Waltz, for negligence.
As the case progressed, Southern Industrial sent a proposal for settlement to Mr. Sparklin in which it offered him $150,000.00 for the "settlement of all claims of the Plaintiff RONALD ALLEN SPARKLIN . . . that are, or may be, made by RONALD ALLEN SPARKLIN in the instant action in which this proposal is made and as alleged by the Plaintiff's pending complaint, or that could be raised by the Plaintiff as arising out of the incident, which is the subject of the Plaintiff's complaint." The proposal required as one of its conditions the execution by Mr. Sparklin of a release in the form that was attached to the proposal.
The "General Release" attached to the offer contained the following language concerning its width and breadth:
RONALD ALLEN SPARKLIN, hereby acknowledges receipt of payment to him of the sum of ONE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($150,000.00), which amount has been accepted in full compromise, settlement, and satisfaction of, and as sole consideration for this General Release, and also does hereby remise, release, acquit, relieve, and forever discharge SOUTHER [sic.] INDUSTRIAL ASSOCIATES and AUTO OWNERS INSURANCE COMPANY, and their past, present and future agents, servants, employees, officers, directors, shareholders, insurers, successors and assigns, and any persons, firms, or corporations in privity with any of them, of and from any and all manner of action and actions, suits, sums of money, trespasses, controversies, agreements, damages, losses, injuries, claims and demands whatsoever, including attorneys' fees, in law or in equity, whether direct or indirect, and including claims for contribution, indemnity, and subrogation, which the undersigned now has or may hereafter have, or which he, *897 his heirs, administrators, and executors can, shall, or may hereafter have, for all injuries, damages, and losses of any kind and character, both known and unknown, arising on account of or in any way relating to the accident on or about May 13, 2000, including all claims which were asserted or could have been asserted in [the subject lawsuit].
RONALD ALLEN SPARKLIN further agrees to remise, release, acquit, relieve, and forever discharge any person or entity and their past, present, and future agents, servants, employees, officers, directors, shareholders, insurers, successors and assigns from any and all claims based upon vicarious, derivative or technical liability for any act or omission on the part of Southern Industrial Associates.
Mr. Sparklin did not accept the offer, and in due time, it expired. Following a judgment in its favor, Southern Industrial moved for and was granted an award of attorney's fees. Mr. Sparklin appeals arguing that the offer was invalid because the proposal for settlement and release were ambiguous and overbroad. We review the order utilizing a de novo standard. See Ambeca, Inc. v. Marina Cove Village Townhome Ass'n, Inc., 880 So.2d 811, 812 (Fla. 1st DCA 2004).
Section 768.79, Florida Statutes (2004), authorizes the use of an offer of judgment or demand for judgment in any civil action for damages, and governs the procedures whereby attorney's fees may be awarded to the successful offering or demanding party. The statute is implemented by rule 1.442, Florida Rules of Civil Procedure, See Campbell v. Goldman, 959 So.2d 223 (Fla.2007); Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003). While neither the statute, nor the rule specifically mention the use of a release in conjunction with an offer of judgment, they likewise do not prohibit them. Subsection (2)(D) of the rule, however, does require the offering party to "state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal." Presumably, a release would fit within the definition of a nonmonetary term.
In this regard our sister court for the Fourth District has specifically noted that the "fact that Plaintiffs are required to release Defendant for all claims which had accrued as of the date of the Proposal for Settlement does not invalidate the Proposal for Settlement." See Bd. of Trustees of Fla. Atl. Univ. v. Bowman, 853 So.2d 507, 509 (Fla. 4th DCA 2003). This court has likewise previously approved the use of a release associated with an offer of judgment, but we have emphasized the limits of using such an instrument.
In Nichols v. State Farm Mutual, 851 So.2d 742 (Fla. 5th DCA 2003), decision approved, 932 So.2d 1067 (Fla.2006), for example, we observed that the terms of a proffered release are subject to the particularity requirement for conditions and nonmonetary terms contained within rule 1.442. We then held that the proposal for settlement used in that case was ambiguous, and thus unenforceable, because the general release associated with it could have required the plaintiff-insured to relinquish her first party insurance claim for uninsured motorist coverage against the defendant-insurer. We said in this connection that "[t]he terms and conditions of the proposal should be devoid of ambiguity, patent or latent." Id. at 746.
Later in Dryden v. Pedemonti, 910 So.2d 854 (Fla. 5th DCA 2005), we reiterated the importance of particularity in such releases and held that the burden of clarifying the intent or extent of the language used in a settlement proposal cannot be inflicted on the party receiving the proposal. *898 Once again we noted that where the release language had the potential effect of extinguishing first party PIP and health insurance claims in an auto accident case, the proposal for settlement was unenforceable against a plaintiff.
In the present case we are faced with a similar situation. Here, the problem is that there are multiple defendants, many of whom are bound together by the concept of privity, and two of whom are insured by the same insurance carrier. When the appellee, Southern Industrial, served its offer of judgment, the general release required by the offer to be executed by Mr. Sparklin would have released Southern Industrial and its insurer, Auto Owners Insurance Company, from all actions, suits, sums of money, trespasses, controversies, damages, losses, injuries, and so forth, arising out of the accident that was the subject matter of the suit, including all claims asserted or which could have been asserted. The ambiguity arises because Auto Owners insured both Southern Industrial and one of the other defendants, Tom Waltz, Inc., the owner of the truck and hydraulic hoist whose bed fell on Mr. Sparklin. Thus, accepting the offer of judgment might well have had the effect, unintended or otherwise, of releasing another party not named in the release.
Similarly, the General Release would have required Mr. Sparklin to release any "persons, firms, or corporations in privity with" Southern Industrial or Auto Owners for damages arising out of the subject accident. It appears that yet another of the defendants, Bartow Ford Company, was the retailer of the truck and hydraulic hoist, and had contracted with Southern Industrial to install the hoist. Thus, as a result of the privity language, yet another unnamed party could have been released.
Given the ambiguities contained in the release, it appears to us that the particularity requirement of rule 1.442 is offended by this offer of judgment. As lack of particularity is held against the offeror, we can only conclude that the offer of judgment is unenforceable. See Dryden.
Southern Industrial argues, however, that the language used is simply the "standard language" of a general release. That might well be correct with respect to the use of releases as part of the settlement of a civil suit. But this release is not part of a settlement negotiation during which the terms can be negotiated and the ambiguities addressed as part of the overall resolution of a lawsuit. The release incorporated by an offer of judgment is a take-it-or-leave-it proposal. The receiving party must attempt to evaluate the monetary offer, as well as the nonmonetary terms, in deciding whether or not to accept the offer. There is none of the usual give and take of a negotiation. If the nonmonetary terms are not spelled out with precision, the receiving party is left in an untenable position.[1] Neither section 768.79, nor rule 1.442 was intended to effect that result.
We note, as well, that the cases relied on by Southern Industrial for the proposition that the broad language used in the release is acceptable because it is typical are all cases where there was only one defendant to be released. In Bowman, for example, there was only the Board of Trustees. Where there are multiple defendants, however, the likelihood of confusion is manifold and much greater care *899 must be taken in crafting the release language so as to conform to the particularity requirement. Cf., Hibbard ex rel. Carr v. McGraw, 918 So.2d 967, 970-72 (Fla. 5th DCA 2005).
Accordingly, we reverse the order granting attorney's fees to Southern Industrial and the amended final judgment that included the award of fees to Southern Industrial and remand this case to the trial court for further action consistent with this opinion.
REVERSED and REMANDED.
THOMPSON, J. and SMITH, T., Associate Judge, concur.
NOTES
[1] One might logically posit, in fact, that "the only enforceable `nonmonetary condition' allowable under the rule is one that does not go beyond what the offeror would be entitled to by operation of law, upon settlement." See Dryden, 910 So.2d at 858 (Griffin, J. concurring); see also Nichols.