COHEN, J.
 

 Rick Harold Duplantis (“Duplantis”) appeals from a final order taxing attorney’s fees and costs against him based upon his rejection of an offer of judgment in a personal injury action. We reverse.
 

 Duplantis was injured when his vehicle was struck by a pickup truck driven by Anthony Todd Russo (“Russo”). The truck was owned by the Donlen Trust, which leased to it to Brock Enterprises Texas, LLC (“Brock Enterprises”), which in turn assigned it to its wholly owned subsidiary, Brock Specialty Services, Ltd. (“Brock Specialty”). Duplantis brought suit against Russo for his negligent operation of the vehicle, and against the Donlen Trust and Brock Specialty as owners vicariously liable for Russo’s negligent operation. Duplantis further alleged that Brock Specialty, as Russo’s employer, was vicariously hable for the acts of its employee.
 

 In November 2009, Brock Specialty served an amended offer of judgment upon Duplantis. In the amended offer, Brock Specialty proposed to pay Duplantis $300,000 in settlement of any and all claims against it, but conditioned the settlement on execution of a release in favor of
 
 all
 
 named defendants, as well as their affiliates.
 
 [1]
 
 A copy of the proposed release was attached to the offer and stated that it was being made pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (2009). The relevant provisions of the offer read as follows:
 

 3. The Defendant will pay the total sum of Three Hundred Thousand Dollars and 00/100 ($300,000.00) in full settlement of all of the Plaintiffs claims of whatever nature which have been or could have been asserted against the Defendant as a result of the matters described in Plaintiffs Complaint and any amendments to the Complaint.
 

 4. As a condition of this Proposal, the Plaintiff shall execute the attached release in favor of
 
 all
 
 named Defendants, i.e., ANTHONY TODD RUS-SO; BROCK SPECIALTY SERVICES, LTD; and DONLEN TRUST; all Defendants’ privies, parents, subsidiaries, affiliates, employees, agents, directors, and officers; and Defendants’ insurers, if any. A true and correct copy of the Release is attached hereto as Exhibit A.
 

 [[Image here]]
 

 6. As a further condition of this Proposal, the Plaintiff shall dismiss this cause with prejudice as to all named Defendants, i.e. ANTHONY TODD
 
 *1208
 
 RUSSO; BROCK SPECIALTY SERVICES, LTD; and DONLEN TRUST.
 

 Duplantis did not respond to the offer of settlement, and it was deemed to have been rejected. Fla. R. Civ. P. 1.442(f)(1).
 

 The case was tried before a jury which returned a verdict in Duplantis’ favor of only $18,400, after apportionment of fault.
 
 [2]
 
 Judgment was entered against Russo, Brock Enterprises and Brock Specialty, jointly and severally, in that amount. Du-plantis was also awarded costs of $35,496.11. Russo, Brock Enterprises, and Brock Specialty then moved for an award of fees and costs based upon the earlier offer of judgment. The trial court granted the motion and awarded Brock Specialty attorney’s fees of $80,816.16.
 

 In this appeal, Duplantis argues that the offer of judgment made by Brock Specialty was invalid because it was, in fact, a joint proposal that failed to state the amount and terms attributable to each defendant, as required by Florida Rule of Civil Procedure 1.442. This requirement was addressed in
 
 Lamb v. Matetzschk,
 
 906 So.2d 1037, 1042 (Fla.2005), in which the supreme court held that an offer of judgment must apportion the offer among the parties, even when one party’s liability is purely vicarious.
 
 [3]
 
 The offer found invalid in
 
 Lamb
 
 was an undifferentiated offer of judgment directed towards two defendants, one of whom was vicariously liable for the negligence of the other. The court explained that the undifferentiated offer made it impossible for the defendants to know the extent of their financial responsibility and independently evaluate the offer. In response to the problematic issues raised in vicarious liability cases, the court opined:
 

 It may take some creative drafting to fashion an offer of settlement when one party is only vicariously liable. However, we are confident that the lawyers of this State can and will draft an offer that will satisfy the requirements of the rule, that is, state the amount and terms attributable to each party when the proposal is made to more than one party.
 

 Id.
 
 at 1041. Perhaps the offer of judgment in this case was in response to that invitation.
 

 We have previously approved a joint offer of judgment made by two defendants to a single plaintiff which was conditioned on the dismissal of a defendant who was not an offeror.
 
 See Andrews v. Frey,
 
 66 So.3d 376 (Fla. 5th DCA 2011). However, in upholding the offer of judgment involved in
 
 Andrews,
 
 we took great pains to note that vicarious liability was not disputed.
 
 Id.
 
 at 379. Thus, the liability of the defendants was coextensive and there was no independent claim to be evaluated by the plaintiff.
 
 Cf. Lamb,
 
 906 So.2d at 1044 (Pariente, C.J., specially concurring) (“[Wjhere the liability of one defendant is based on vicarious liability and the issue of vicarious liability is undisputed, apportionment of the offer between the active tortfeasor and the vicarious tortfeasor is
 
 *1209
 
 problematic because the liability of both defendants is not apportioned but is coextensive.”).
 

 The offer of judgment made in this case stands on different footing because vicarious liability was contested by the offeror. The issue was not conceded until trial began. Under these circumstances, we believe that Duplantis was entitled to separate offers from each defendant, which would have permitted him to independently and intelligently assess and evaluate each offer.
 

 There are many legitimate defenses to vicarious liability, both in the context of a motor vehicle owner and from the perspective of an employer. To allow an undifferentiated offer when independent claims exist would open the door to potential manipulation. The difficulty can be demonstrated by the following hypothetical. Assume a severely injured plaintiff has a claim that is worth $800,000, but vicarious liability is doubtful. Because the claim against it is weak, the employer makes an offer of judgment of $1,000, but conditions it upon dropping the claim against the driver, who makes no separate offer of judgment. An inequity arises if the jury returns a verdict against the driver for $300,000, but finds no vicarious liability as to the employer. The plaintiff must pay the employer’s fees, even though the plaintiff was never offered full compensation for his or her injuries. It is not enough to say that the plaintiff improperly valued the employer’s liability, because the plaintiff had no means of accepting the employer’s offer without foregoing a valid but uncompensated claim against the employee. The only potential remedy would be for the plaintiff to make his or her own offer of judgment to the employee, which we do not think the plaintiff should be forced to make.
 

 Brock Specialty relies upon
 
 Alioto-Alexander v. Toll Bros.,
 
 12 So.3d 915 (Fla. 4th DCA 2009), for the proposition that an undifferentiated offer from one defendant, conditioned upon dismissal of the entire suit, does not transform an offer into a proposal for settlement made by multiple offerors. It is unclear from
 
 Toll Bros.
 
 whether the remaining defendant’s liability was vicarious, and if so, whether that liability remained in dispute. While it would be convenient to articulate a bright-line rule, a plaintiff in Duplantis’ position should not be required to compromise legitimate claims against defendants whose liability is independent of the offeror to avoid an award of attorney’s fees. This defeats the intent of the offer of judgment statute and rule.
 

 REVERSED.
 

 ORFINGER, C.J., and EVANDER, J„ concur.
 

 [1]
 

 . During the time the offer of judgment was still open, Duplantis filed a second amended complaint by agreement of the parties. That complaint added Brock Enterprises as a defendant and dropped the Donlen Trust. Brock Enterprises' alleged liability was solely vicarious, based on the dangerous instrumentality doctrine and respondeat superior.
 

 [2]
 

 . The total verdict was $20,000, but the jury found that Duplantis was eight percent at fault, while defendant Russo was determined to be ninety-two percent at fault.
 

 [3]
 

 . The Florida Supreme Court has now amended the rules to permit a joint offer by those derivatively or vicariously liable. Effective January 1, 2011, Florida Rule of Civil Procedure 1.442 has been amended to provide that "[njotwithstanding subdivision (c)(3), when a party is alleged to be solely vicariously, constructively, derivatively, or technically liable, whether by operation of law or by contract, a joint proposal made by or served on such a party need not state the apportionment or contribution as to that party.” The amendment is inapplicable in this case because the offer of judgment at issue was made in 2009 and was conditioned on the dismissal of a defendant who was not an offeror.