BERGER, J.
Marjorie Mathis and her husband, William Mathis, plaintiffs below, sued Joseph D. Cook, John Cook and Quality Cleaning, *655 Inc., in negligence for injuries Marjorie sustained when she slipped and fell on chemicals used to clean the floor at the Walgreens where she worked.[1] After the jury returned verdicts in favor of the defendants, concluding the Cooks were not negligent, the trial court entered final judgment in favor of the Cooks. John Cook then moved to tax his attorney’s fees on the basis of two unaccepted proposals for settlement. The trial court denied his motion.
This case involves the Mathises’ appeal of the final judgment and John Cook’s cross-appeal of the order denying attorney’s fees. Of the numerous issues raised by the parties, only the cross-appeal merits discussion. In it, John Cook argues that the trial court erred when it determined that the proposals for settlement he served on the Mathises were ambiguous and unenforceable. We agree and reverse.
John Cook served separate proposals for settlement on both Marjorie and William Mathis. Each proposal specifically stated that it was being made on behalf of John Cook, and that the only known condition associated with acceptance of the proposal was the execution of an attached release, which released not only John Cook, but also Joseph Cook and Quality Cleaning. The following, relevant language was included in Marjorie’s release:
The undersigned, MARJORIE MATHIS, hereinafter the Releasor, for and in consideration of the sum of TWENTY ONE THOUSAND AND NO/lOO DOLLARS ($21,000), does, for herself and her heirs, executors, administrators and assigns, hereby completely and fully release and discharge, JOHN COOK, his heirs, agents, servants, representatives, administrators and assigns, JOSEPH COOK, his heirs, agents, servants, representatives, administrators and assigns, and QUALITY CLEANING, INC., and its employees, agents, servants, representatives, administrators, successors and assigns, hereinafter the Releasees, of and from any obligation, liability or responsibility arising out of the claim and/or action set forth IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR MARION COUNTY, FLORIDA, CASE NO. 09-5209-CA-B, which arose out of an incident that occurred on or about May 20, 2007.
It is understood and agreed that this settlement is in full compromise of a disputed claim, and that neither this release nor the payment pursuant to this release shall be construed as an admission of liability.
[[Image here]]
Following receipt of settlement funds and the execution of this release and settlement agreement, counsel for the Plaintiff has, or will, in the immediate future, deliver to counsel for the Defendants an executed dismissal dropping the Defendant as a party to the pending action with prejudice. The Plaintiff has authorized Plaintiffs counsel to execute the dismissal on their behalf and hereby authorizes counsel for the Defendants to file the dismissal with the court and enter it as a matter of record. The court shall retain jurisdiction as to any remaining parties and for enforcing the terms of this settlement.
[[Image here]]
The parties recognize and acknowledge that the terms of this release are not *656 designed nor intended to resolve all pending claims. The terms of this release are limited to resolve and release all pending claims which exist as to JOHN COOK, his heirs, agents, servants, representatives, administrators and assigns, JOSEPH COOK, his heirs, agents, servants, representatives, administrators and assigns, and QUALITY CLEANING, INC., and its employees, agents, servants, representatives, administrators, successors and assigns. Any and all claims which have been made, or which may exist, as to any other person, corporation, partnership or other legal entity shall not be compromised or extinguished by the terms of this release.[2]
The release directed to William was the same in all respects, except for his name and the amount of money he was supposed to receive to settle the case.
John Cook argues that the proposals for settlement were not ambiguous because they specifically referenced and incorporated the attached releases, which required, as a condition of acceptance, that the Mathises release the two codefendants. The Mathises, on the other hand, contend that the proposals were ambiguous because the language in the body of the proposal stated that John Cook would be released if the releases were signed, whereas the releases attached to the proposals stated that all three Defendants would be released if they agreed to the proposal. The Mathises assert that this created an ambiguity and precluded entry of an award of fees in John Cook’s favor. We disagree.
An order granting or denying fees based on a proposal for settlement is reviewed de novo. Sparklin v. S. Indus. Assocs., Inc., 960 So.2d 895, 897 (Fla. 5th DCA 2007).
“Section 768.79, Florida Statutes ... provides a sanction against a party who unreasonably rejects a settlement offer.” Willis Shaw Exp., Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003). That provision provides, in relevant part:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him or on the defendant’s behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney’s fees against the award....
§ 768.79(1), Fla. Stat. (2012). Florida Rule of Civil Procedure 1.442 implements section 768.79 and requires that a proposal for settlement:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);
(C) state with particularity any relevant conditions;
*657 (D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorneys’ fees and whether attorneys’ fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080.
Fla. R. Civ. P. 1.442(c)(2).
In interpreting rule 1.442, the Florida Supreme Court has recognized that it may be impossible to eliminate all ambiguity from proposals for settlement. State Farm Mut. Auto. Ins. Co. v. Nichols, 982 So.2d 1067, 1079 (Fla.2006). Rather than eliminating all ambiguity, the rule only requires “that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.” Id. However, if “ambiguity within the proposal could reasonably affect the offeree’s decision, the proposal will not satisfy the particularity requirement.” Id.
We have previously held that proposals for settlement made by one plaintiff on separate defendants, conditioned on the dismissal of both defendants, were not ambiguous. See Health First, Inc. v. Cataldo, 92 So.3d 859, 871 (Fla. 5th DCA 2012) (where interests of the defendants were coextensive, offer of judgment not invalidated because of plaintiffs promise to release remaining defendants as a non-monetary term of the settlement); see also Andrews v. Frey, 66 So.3d 376, 378-79 (Fla. 5th DCA 2011) (where defendants’ liability is coextensive, one defendant’s proposal to settle plaintiffs negligence and vicarious liability action against two defendants was valid for purposes of defendant’s entitlement to attorney’s fees and costs under the offer of judgment statute and rule, even though proposal conditioned acceptance on release of claims against defendant who was not an offeror under the proposal). But see Duplantis v. Brock Specialty Servs., Ltd., 85 So.3d 1206, 1209 (Fla. 5th DCA 2012)(where vicarious liability is contested, plaintiff is entitled to separate offers from each defendant so that plaintiff may independently and intelligently assess and evaluate each offer).[3]
Here, John Cook’s proposals were sufficiently clear to allow the Mathises to make an informed decision without needing additional clarification. The proposals clearly stated that John Cook was making the offer and, as a condition of settlement, William and Marjorie were required to release the other defendants. The releases also clearly identified the rights that William and Marjorie would be giving up if they agreed to the proposal for settlement. The fact that the proposals only stated that they were made on behalf of John, but the releases indicated that all defendants would be released if the Mathises agreed to the proposals, did not create an ambigu *658 ity or transform the separate offers into undifferentiated joint offers. See Cataldo, 92 So.3d at 871. Accordingly, we conclude that John Cook’s proposals for settlement complied with section 768.79(1), Florida Statutes, and Florida Rule of Civil Procedure 1.442, and are enforceable. We therefore reverse the order of the trial court denying John Cook’s motion for attorney’s fees and remand for further proceedings consistent with this opinion. In all other respects, we affirm.
AFFIRMED in part; REVERSED in part; and REMANDED.
LAWSON and COHEN, JJ., concur.

. Walgreens contracted with Quality Cleaning, Inc. for the floor cleaning, and Quality contracted with Joseph and John Cook to carry out the cleaning job. Prior to trial, the parties stipulated and agreed that Quality was legally responsible for any negligence on the part of the Cooks that harmed Marjorie Mathis.

. There are typographical errors in the release; however, these errors do not create an ambiguity. Rather, it is apparent from reading the release that in order to settle the matter with John, Marjorie and William would each be required to release John, Joseph, and Quality if they chose to accept John's proposal.

. During oral argument, counsel for the Mathises conceded that Duplantis did not apply. We agree with this assessment. Although the offers in both cases were made at a time when vicarious liability was contested, here the offer was made by the active tortfea-sor, whereas in Duplantis, the offer was made by the vicariously liable tortfeasor. 85 So.3d at 1207. This distinction is significant. When an offer is made by an active tortfeasor conditioned on the release of the vicariously liable tortfeasor, the plaintiff is not put in a position of foregoing a valid but uncompensated claim against the vicariously liable tort-feasor because the claims are coextensive. This is not the case when the offer is made by the vicariously liable tortfeasor, conditioned on the release of the active tortfeasor, when vicarious liability is contested.