# Supreme Court of Florida

_____

No. SC19-841
_____

**ROBIN LEE ARCHER,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

April 23, 2020

PER CURIAM.

Robin Lee Archer appeals an order of the circuit court denying his successive motion to vacate his sentence of death under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const. For the reasons explained below, we affirm.

Archer was convicted of first-degree murder, armed robbery, and grand theft, and he was sentenced to death for the murder. *Archer v. State* (*Archer I*), 613 So. 2d 446, 447 & n.1 (Fla. 1993). We affirmed his convictions and the sentences for armed robbery and grand theft but reversed his death sentence and remanded for a new penalty phase. *Id.* After the new penalty phase, Archer was

again sentenced to death, resulting in a 1996 finality date for Archer's sentence. *Archer v. State* (*Archer II*), 673 So. 2d 17, 18 (Fla.), *cert. denied*, *Archer v. Florida*, 519 U.S. 876 (1996).[1] The successive rule 3.851 motion at issue in this appeal raised three claims, and Archer seeks relief from the circuit court's denial of all three. We address each claim in turn.

*Hurst v. Florida* and *Hurst v. State*

Archer's first claim was that his death sentence, which was final in 1996, violates the Sixth and Eighth Amendments in light of *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *receded from in State v. Poole*, 45 Fla. L. Weekly S41(Fla. Jan. 23, 2020), *clarified*, 45 Fla. L. Weekly S121 (Fla. Apr. 2, 2020). The circuit court correctly ruled that this claim is procedurally barred because we denied this same claim when Archer raised it in a petition for a writ of habeas corpus. *Archer v. Jones*, No. SC16-2111, 2017 WL 1034409 (Fla. Mar. 17, 2017); *see Davis v. State*, 589 So. 2d 896, 898 (Fla. 1991) ("Claims that have been previously raised are procedurally barred."). However, we also note that there is no *Hurst* violation in Archer's sentence, as his guilt-phase jury found him guilty of the facts that establish the basis for one of the aggravating

---

1. The facts of this case, as determined in the appeals from Archer's original trial and resentencing, are outlined in *Archer v. State*, 934 So. 2d 1187, 1191-92 (Fla. 2006).

factors on which the sentencing court relied to determine that he is eligible for the death penalty. *See Poole*, 45 Fla. L. Weekly at S41 (receding from *Hurst v. State* "except to the extent that it held that a jury must unanimously find the existence of a statutory aggravating circumstance beyond a reasonable doubt" and finding no *Hurst* violation where the jury found the defendant guilty of a contemporaneous robbery, among other qualifying offenses). Specifically, Archer's jury found him guilty of a contemporaneous armed robbery, and one of the aggravators supporting his eligibility for a death sentence was that the murder "was committed while the defendant was engaged in or was an accomplice in the commission of a robbery." *Archer II*, 673 So. 2d at 18 & n.1. For these reasons, the circuit court properly denied this claim.

*Elements of "Capital Murder"*

Archer's second claim was that his sentence violates the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution and corresponding provisions of the Florida Constitution because this Court's statutory construction in *Hurst v. State* shows that Archer has not been convicted beyond a reasonable doubt of all the elements of the offense for which he is under a sentence of death. This claim was based on the contentions that *Hurst v. State* recognized (1) that section 921.141, Florida Statutes, as it existed at the time of the *Hurst v. State* decision and at the time of Archer's crime, created an

offense of "capital murder," a greater offense than first-degree murder, and (2) that included in the elements of this offense that must be proven beyond a reasonable doubt are the determinations that sufficient aggravating circumstances exist to impose the death penalty, that there are insufficient mitigating circumstances to outweigh the aggravating circumstances, and that death is the appropriate sentence. Even if this claim is not procedurally barred, it is without merit, as we explained in *Rogers v. State*, 285 So. 3d 872, 885-86 (Fla. 2019). Accordingly, the circuit court's denial of this claim was correct.

*Newly Discovered Evidence*

Archer's third and final claim alleged newly discovered evidence of codefendant Clifford Barth's release from prison on parole, even though the jury had been told at Archer's penalty phase that Barth would serve a life sentence for his role in the murder. The circuit court determined that Archer's allegation that Barth was released on parole was factually incorrect, as Barth, a seventeen-year-old at the time of the crimes, had actually been resentenced due to a change in the law invalidating most life sentences for juvenile offenders. *See Miller v. Alabama*, 567 U.S. 460, 479-80 (2012); *Montgomery v. Louisiana*, 136 S. Ct. 718, 734-37 (2016). Citing our precedent in *Farina v. State*, 937 So. 2d 612 (Fla. 2006), the circuit court explained that this resentencing "for purely legal reasons" had no bearing on Archer's culpability and therefore would not probably result in a less

severe sentence for Archer. If Barth was resentenced pursuant to *Miller*, which Archer does not argue to be untrue on appeal, the circuit court's ruling was legally correct. *See Farina*, 937 So. 2d at 620.

Archer argues, however, that the circuit court should have accepted Archer's factual allegation that Barth was released on parole as true, as Barth's resentencing is not a part of the record in Archer's case and no evidentiary hearing was held. However, even accepting the facts as alleged by Archer, he is not entitled to relief.

Archer's motion alleged that, after Barth testified against Archer and another codefendant, he "was permitted to plead guilty to first degree murder and receive a life sentence in which he would be eligible for parole after 25 years." Assuming this fact is true, it has been a matter of public record for decades that Barth was not given a sentence of life without the possibility of parole, as was communicated to Archer's resentencing jury. Therefore, Barth's actual sentence could have been discovered by Archer or counsel with the exercise of due diligence long ago, and the only potentially newly discovered evidence is the fact that he was actually released on parole. The information that might be relevant to a jury's assessment of the sentence Archer should receive is not Barth's actual release on parole, an event far removed from the facts of the crime, but the fact that his sentence provided the opportunity for release after twenty-five years, and that aspect of the claim is untimely. *See Reed v. State*, 116 So. 3d 260, 264 (Fla. 2013) (explaining

that a claim of newly discovered evidence must be brought within one year of the date on which the claim became discoverable through the exercise of due diligence).[2]

**CONCLUSION**

For the foregoing reasons, we affirm the denial of Archer's successive rule 3.851 motion.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, and MUÑIZ, JJ., concur.
LABARGA, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Escambia County,
    W. Joel Boles, Judge - Case No. 171991CF000606XXXAXX

Martin J. McClain of McClain & McDermott, P.A., Wilton Manors, Florida; and Michael P. Reiter, Venice, Florida,

    for Appellant

Ashley Moody, Attorney General, and Janine D. Robinson, Assistant Attorney General, Tallahassee, Florida,

    for Appellee

---

2. We also note that, below, Archer's claim concerning Barth's sentence included a subclaim under *Johnson v. Mississippi*, 486 U.S. 578 (1988). Because Archer did not argue this point in his initial brief, but instead reintroduced it in his reply brief, he abandoned it. *See Hoskins v. State*, 75 So. 3d 250, 257 (Fla. 2011).