# Third District Court of Appeal

## State of Florida

Opinion filed July 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1703
Lower Tribunal No. 22-287-P
_____

**Michael Shawn MacMullin, et al.,**
Appellants,

vs.

**Michael Findlay, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Monroe County, Luis Garcia, Judge.

Hershoff, Lupino & Yagel, LLP, and Russell A. Yagel and Rebecca Lowrance, for appellants.

Boyd Richards Parker Colonnelli, and Elaine D. Walter and Yvette Lavelle, for appellees.

Before EMAS, SCALES and GORDO, JJ.

PER CURIAM.

Affirmed.   See Greene v. Johnson, 276 So. 3d 527, 530 (Fla. 3d DCA 2019) ("While we review a trial court's ruling on a motion to compel arbitration de novo, we are mindful that arbitration provisions are favored by the courts and that all doubts should be resolved in favor of arbitration.") (quoting CT Miami, LLC v. Samsung Elecs. Latinoamerica Miami, Inc., 201 So. 3d 85, 90 (Fla. 3d DCA 2015); Sanchez v. Cinque, 238 So. 3d 817, 826 (Fla. 4th DCA 2018) (holding that a typographical error in a proposal for settlement did not create an ambiguity invalidating the proposal; instead, it "must be read as a whole and is not ambiguous unless a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction."); Mathis v. Cook, 140 So. 3d 654, 656 n.2 (Fla. 5th DCA 2014) (holding that the typographical errors in the release "d[id] not create an ambiguity.  Rather, it is apparent from reading the release that in order to settle the matter with [defendant], [plaintiffs] Marjorie and William would each be required to release [defendants] John, Joseph, and Quality if they chose to accept John's proposal.") See also Roth v. Cohen, 941 So. 2d 496, 500 (Fla. 3d DCA 2006) ("For an issue to be preserved for appeal, . . . it 'must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved.'") (quoting Archer v. State, 613 So. 2d 446, 448 (Fla. 1993));

2

Fonte v. AT&T Wireless Servs., 903 So. 2d 1019, 1025 (Fla. 4th DCA 2005) ("To decline to enforce a contract as unconscionable, the contract **must be both** procedurally unconscionable and substantively unconscionable.") (quoting Romano v. Manor Care, Inc., 861 So. 2d 59, 62 (Fla. 4th DCA 2003)).