# Third District Court of Appeal

## State of Florida

Opinion filed December 31, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1052
Lower Tribunal No. 20-1176-CP-02
_____

**Artemis Pascalides,**
Appellant,

vs.

**Gabriela Artico,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Chepenik Trushin LLP, and Daniel F. Bachman, and Joshua R. Williams, for appellant.

Rodolfo Nuñez, P.A., and Rodolfo Nuñez, for appellee.

Before EMAS, LINDSEY, and MILLER, JJ.

LINDSEY, J.

Appellant, Petitioner (the "Estate") appeals the trial court's Omnibus Order on Petitioner's and Respondent's respective motions for summary judgment. For the reasons below, we affirm.

Theodoros Pascalides passed away leaving significant assets in both the United States and Venezuela. A dispute arose over approximately $2.3 million held in a bank account at J.P. Morgan (the "Account") between his three daughters, the Estate,[1] and Gabriela Artico, the Appellee, Respondent. This bank account was opened in May 1990 and was titled: "Theodoros Pascalides and/or Gabriela Artico." In 2004, Theodoros and Gabriela updated this account to designate Theodoros and Gabriela as "joint tenants with a right of survivorship."

It is undisputed that Theodoros remained legally married to the mother of the Executrix and her two sisters until the time of his death. It is also undisputed that he separated from their mother and began an intimate relationship with Gabriela in the 1980s which continued until his death. And it is undisputed that his daughters did not know about the Account until after his death.

---

[1] Artemis Pascalides, one of Theodoros' three daughters, was the Executrix of the Estate.

2

The operative complaint is the Estate's Amended Petition (the "Amended Petition"). The Amended Petition contains three counts:

- Count I for Declaratory Judgment seeks "(1) a declaration that the Convenience Accounts [including the Account] were assets of [Theodoros'] estate and the funds therein do not belong to [Gabriela],(b) [the Executrix] as an heir of [Theodoros], has an ownership interest in the funds contained in the Convenience Accounts; (2) an award of costs, attorney's fees and interest to the maximum extent such are awardable by law, and (3) any such relief this honorable court deems just and proper."

- Count II for Conversion which contains no wherefore clause and no other prayer for relief.

- Count III for Lack of Capacity which asks the court to "enter a judgement in the amount of the funds improperly removed from the *Convenience Account* against Gabriela; award costs, attorney's fees to the maximum extent such awardable by law; provide such further relief this Honorable Court deems just and proper." (emphasis added).

After discovery, the Estate voluntarily dismissed "subsection [b], Count I, Declaration, the declaration part of the amended petition, and that part was to have [the Executrix] be declared an heir who had an interest in the funds alleged to have been mere convenience accounts. Those have been dismissed."[2] The Amended Petition's Conversion claim contains no

---

[2] See hearing transcript dated May 14, 2024, wherein the trial court took up the competing summary judgment motions. See also the trial court "case summary" docket at index 96, part of the record before us.

3

wherefore clause and, thus, requests no relief.[3]  The Estate also voluntary dismissed its Lack of Capacity claim "which relates to lack of capacity and intent in March of 2016 [the time Theodoros was in the hospital]."

The trial court only had to decide a portion of Count I, requesting "(1) a declaration that (a) the Convenience Accounts were assets of [Theodoros'] estate and the funds thereon do not belong to [Gabriela]."

The Estate filed its Motion for Partial Summary Judgment Regarding [Gabriela's] Wrongful Transfer of Funds Prior to [Theodoros'] Death seeking an order granting partial summary judgement in its favor as to Count II (Conversion) in the amount of $1,015,000.00, or 50% of the funds Gabriela withdrew from the Account.

Gabriela moved for summary judgment seeking entitlement to all the funds in the Account.   At the hearing on these motions, Gabriela's counsel objected to the Estate's claim for 50% of the Account because the Estate did not plead for that relief.[4]

[3] See Fla. R. Civ. P. 1.110(b)(3) ("A pleading which sets forth a claim for relief . . . must state a cause of action and must contain . . . a demand for judgment for the relief to which the pleader deems the pleader entitled.").

[4]  Gabriela's counsel stated: "which I believe for purposes of an objection, I don't think that their complaint lays out that claim for this 50% issues in the monies that were withdrawn.  So I think there is a pleading issue there . . . ."

The trial court, in an omnibus order, granted Gabriela's motion and denied the Estate's motion relying on two sections of the Florida Statutes: (1) section 655.79, Florida Statutes (2025) entitled "Deposits and accounts in two or more names; presumption as to vesting on death" and (2) section 655.80, Florida Statutes (2025) entitled, "Convenience accounts." This timely appeal follows.

We review de novo orders on motion for summary judgment. Ibarra v. Ross Dress for Less, Inc., 350 So. 3d 465, 467 (Fla. 3d DCA 2022). "Summary judgment is appropriate where the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fla. R. Civ. P. 1.510(a)). "Genuine disputes are those in which 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting In re Amendments to Fla. R. of Civ. P. 1.510, 309 So. 3d 192, 194 (Fla. 2020)).

"For an issue to be preserved for appeal . . . it 'must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved.'" Reed v. State, 287 So. 3d 606, 609 (Fla. 4th DCA 2019) (quoting Archer v. State, 613 So. 2d 446, 448 (Fla. 1993)).

"Courts generally are unauthorized to award relief not requested in the parties' pleadings." Pure Powersports, LLC v. 7529 Salisbury Rd. Assocs., LLC, 415 So. 3d 815, 818 (Fla. 5th DCA 2025) (citations omitted); BAC Home Loans Servicing, Inc. v. Headley, 130 So. 3d 703, 705 (Fla. 3d DCA 2013) ("[A] trial court lacks jurisdiction to hear and determine matters that were not the subject of proper pleadings and notice."). And our party presentation principle "restrains [courts] . . . from considering anything that the parties have not presented." Williams v. State, 50 Fla. L. Weekly D1636, D1637 (Fla. 5th DCA July 25, 2025) (citations omitted). As such "an appellate court is not at liberty to grant a remedy not sought in the trial court." Combs v. St. Joe Papermakers Fed. Credit Union, 383 So. 2d 298, 300 (Fla. 1st DCA 1980); Butler v. Brown, 338 So. 3d 392, 393 (Fla. 5th DCA 2022) ("[C]ourts are not authorized to award relief not requested in the pleadings . . . [t]o grant unrequested relief is an abuse of discretion . . . and reversible error.").

Thus, the only issue properly before the trial court, and now this Court, is what remains of Count I of the Amended Petition: a declaration designating the Account as a convenience account.

"A convenience account is a deposit account . . . in the name of one individual (principal), in which one or more individuals have been designated as agents with the right to make deposits to and to withdraw funds from or

6

draw checks on such account . . . ." § 655.80(1), Fla. Stat. (2025). "All rights, interests, and claims in, to, and in respect of, such deposits and convenience account and the additions thereto shall be those of the principal only." § 655.80(2), Fla. Stat. (2025). So the stakes are clear: holding that the Account is a convenience account would designate Theodoros as principal of that account, making all the funds in the Account an asset of Theodoros' estate only. See Larkins v. Mendez, 363 So. 3d 140, 143 (Fla. 3d DCA 2023); 5 Fla. Jur. 2d Banks and Lending Institutions § 207 (2025).

Reviewing the record, the Estate has failed to show there is a genuine dispute that Theodoros created the Account to serve as a convenience account. Nothing in the record shows that the Account was intentionally created to serve as a convenience account where Theodoros is the principal owner and Gabriela is merely Theodoros's agent who may not withdraw funds herself. Larkins, 363 So. 3d at 146. In fact, the record here shows there is no genuine dispute that Theodoros created the Account with Gabriela, so that she may use the funds for her personal needs.

Additionally, Theodoros and Gabriela's designation as joint tenants with a right of survivorship is a fatal blow to the Estate's assertion that the Account fits under section 655.80(1)'s, Florida Statutes, definition of a convenience account. Unlike a convenience account, which is under the

7

name of one individual and designates others as agents of the individual to withdraw funds, Theodoros and Gabriela, as joint tenants, own an equal and undivided interest in the Account. Compare § 655.80(1) ("A convenience account is a deposit account . . . in the name of one individual (principal), in which one or more individuals have been designated as agents . . . .") with 12 Fla. Jur. 2d Cotenancy and Partition § 1 (2025) ("In the absence of evidence to the contrary, cotenants are presumed to own equal undivided interests."); see generally Beal Bank, SSB v. Almand and Assocs., 780 So. 2d 45 (Fla. 2001) (requiring joint tenancies be created with a unity of interest among cotenants).

As a result, we agree with the trial court in granting summary judgment in Gabriela's favor. There is no dispute that the Account is a joint account, solely funded by Theodoros. "When a joint bank account is established with the funds of one person, a gift of the funds is presumed." See Varela v. Bernachea, 917 So. 2d 295, 298 (Fla. 3d DCA 2005); Hagopian v. Zimmer, 653 So. 2d 474 (Fla. 3d DCA 1995); 28 Fla. Jur. 2d Gifts § 37 (2025) ("Where a joint bank account is established with the funds of one person, or funds are contributed to a joint bank account by one of the holders of the account, the funds in question are presumed to be a gift to the account holders."). Further, section 655.79, Florida Statutes, provides:

8

(1) Unless otherwise expressly provided in a contract, agreement, or signature card executed in connection with the opening or maintenance of an account, including a certificate of deposit, a deposit account in the names of two or more persons shall be presumed to have been intended by such persons to provide that, upon the death of any one of them, all rights, title, interest, and claim in, to, and in respect of such deposit account, less all proper setoffs and charges in favor of the institution, vest in the surviving person or persons. Any deposit or account made in the name of two persons who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified in writing.

(2) The presumption created in this section may be overcome only by proof of fraud or undue influence or clear and convincing proof of a contrary intent. In the absence of such proof, all rights, title, interest, and claims in, to, and in respect of such deposits and account and the additions thereto, and the obligation of the institution created thereby, less all proper setoffs and charges in favor of the institution against any one or more of such persons, upon the death of any such person, vest in the surviving person or persons, notwithstanding the absence of proof of any donative intent or delivery, possession, dominion, control, or acceptance on the part of any person and notwithstanding that the provisions hereof may constitute or cause a vesting or disposition of property or rights or interests therein, testamentary in nature, which, except for the provisions of this section, would or might otherwise be void or voidable.

Considering these two presumptions, we agree with the trial court's decision. First, there is no genuine dispute challenging the presumption that Theodoros intended to gift the funds to Gabriela by being the sole contributor

9

to the Account.  Second, nothing in the record overcomes the presumption that the ownership of the Account was intended to be a joint tenancy with a right of survivorship.  This is to say, there is no genuine dispute on whether Gabriela is entitled to the funds in the Account.  She is.  Thus, the Estate failed to bring forth a disputed issue of material fact that the Account is a convenience account.  For this reason, we affirm the trial court's decision.

Affirmed.