813 So.2d 971 (2002)
Kristopher D. LUCAS, Appellant,
v.
Donald M. and Kathy M. CALHOUN, Appellees.
No. 2D01-569.
District Court of Appeal of Florida, Second District.
February 22, 2002.
Rehearing Denied April 26, 2002.
*972 Clay B. Rood of Rood & Associates, Tampa, for Appellant.
Michael S. Rywant and M.C. Collins Guyton of Rywant Alvarez Jones Russo & Guyton, Tampa, for Appellees.
CASANUEVA, Judge.
Kristopher D. Lucas challenges the trial court's determination that his proposal for settlement pursuant to section 768.79, Florida Statutes (1999), and Florida Rule of Civil Procedure 1.442(c)(2) was legally insufficient for failure to comply with the procedural rule. Although we do not agree with the trial court's reasoning in its entirety, we affirm.
Following a vehicular accident Mr. Lucas sued Donald M. and Kathy M. Calhoun for damages in 1999. Mr. Lucas sought damages for "bodily injury resulting in pain and suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition." He further alleged that his "losses are either permanent or continuing in nature" and could continue into the future. Finally, he claimed property damage to his motorcycle as well as damages for the loss of its use.
During the litigation Mr. Lucas served the Calhouns with a proposal for judgment that offered to resolve the pending litigation for $7,999, with each party to bear its respective "costs and attorney's fees." On its face the proposal also stated that Mr. Lucas intended to release and discharge the Calhouns from liability for Mr. Lucas's bodily injury claim.[1] The proposal *973 did not address his claims for property damage or for intangible damages, such as pain and suffering.
After a jury trial and verdict finding Mr. Lucas and the Calhouns each fifty percent negligent with total damages of $24,000, Mr. Lucas sought an award of fees and costs pursuant to the previously submitted proposal for judgment. The Calhouns objected, contending that the proposal was legally insufficient for failing to comply with rule 1.442(c)(2). Finding that the proposal did not meet the requirements of the rule, the trial court denied Mr. Lucas's motion.
The rules for form and content of proposals for settlement are set out in Florida Rule of Civil Procedure 1.442(c)(2)(A)-(G). In this case the parties have focused their arguments upon subsections (C), (D), and (E) of the rule.
Subsection (C) requires a proposal to "state with particularity any relevant conditions." Subsection (D) contains similar mandatory language requiring the offer to "state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal." In comparison, subsection (E) requires a proposal to "state with particularity the amount proposed to settle a claim for punitive damages, if any." We conclude that the "if any" language of subsection (E) requires a proposal for settlement to include terms for settlement of a punitive damage claim only when the pleadings contain a pending claim for punitive damages. In the absence of such a claim, the rule does not require a party to include needless "not applicable" language in the proposal. Accordingly, the trial court erred in denying Mr. Lucas's motion on the basis of lack of conformance with subsection (E).
Subsections (C) and (D), however, contain no conditional language and compliance with their provisions is mandatory. Here, the proposal was limited to bodily injury claims but failed to indicate whether the claims would be resolved by a release (full or partial), a dismissal, or any other means. Because the proposal failed to provide for a disposition of the property damage claim, the type of release is an important settlement consideration. The rule intends for a proposal for judgment to be as specific as possible, leaving no ambiguities so that the recipient can fully evaluate its terms and conditions. United Serv. Auto. Ass'n v. Behar, 752 So.2d 663, 665 (Fla. 2d DCA 2000). Furthermore, if accepted, the proposal should be capable of execution without the need for judicial interpretation. Proposals for settlement are intended to end judicial labor, not create more. Because the trial court correctly determined that the proposal for settlement was legally insufficient under rule 1.442(c)(2)(C) and (D), we affirm.
Affirmed.
SALCINES and COVINGTON, JJ., Concur.
NOTES
[1] The term "bodily injury claim" may be susceptible of differing meanings. Those who practice primarily in the personal injury area know that insurance contracts regularly define the extent of coverage by using this term. The Florida Standard Jury Instructions, however, use the term in a different context. For example, instruction 6.2(a) defines elements of damages as "[a]ny bodily injury sustained by (name) and any resulting pain and suffering" (emphasis supplied). Additional components of damage identified by the instruction include disability or physical impairment, disfigurement, mental anguish, and others. Correspondingly, the model jury verdict form itemizes the elements of damages.

We believe where, as here, the proposal seeks to resolve fewer than all of the damage claims the better practice is to identify the specific damage elements encompassed within the proposal. This may be by reference to the complaint, to the relevant jury instructions, or both. When the proposal indicates that it seeks to resolve all claims identified in the complaint, or in a specific count, it is unnecessary to identify the various elements of damages in the settlement proposal.