DAMOORGIAN, J.
 

 In this appeal, appellant, Gloria Alioto-Alexander, challenges an attorney’s fee award in favor of Toll Brothers, Inc. We affirm.
 

 This case arises from a lawsuit in which appellant sued Toll Brothers, Inc., alleging that it was vicariously liable for the actions of its employee, John Barr. Barr was also sued for his actions. During the course of the litigation, Toll Brothers served Alioto-Alexander with a $5,000 proposal for settlement, pursuant to the offer of judgment statute, section 768.79, Florida Statutes (2003). The proposal stated that it was being made by Toll Brothers, but provided that the offer was conditioned upon the dismissal of the entire action, including the claims against Barr. The proposal did not apportion the $5,000 between the claim against Toll Brothers and the claims against Barr. Toll Brothers and Barr prevailed in the underlying ease giving rise to the attorney’s fees judgment on appeal.
 

 Florida Rule of Civil Procedure 1.442, which governs proposals for settlement, specifically provides that “[a] joint proposal shall state the amount and terms attributable to each party.” Fla. R. Civ. P. 1.442(c)(3). Our supreme court has thus held that where an offer is “made by multiple offerors [it] must apportion the amounts attributable to each offeror” in order to support a fee award.
 
 Willis Shaw Express, Inc. v. Hilyer Sod, Inc.,
 
 849 So.2d 276, 278-79 (Fla.2003). This apportionment requirement applies even where one party’s alleged liability is solely vicarious.
 
 See Lamb v. Matetzschk,
 
 906 So.2d 1037 (Fla.2005).
 

 Appellant insists that the proposal for settlement was a “joint proposal” from Toll Brothers and Bair. Accordingly, the proposal cannot support an attorney’s fee award as it failed to apportion the $5,000
 
 *917
 
 between Toll Brothers and Barr. We disagree. By its own terms, the proposal for settlement was made by Toll Brothers and Toll Brothers alone was offering to pay the sum of $5,000. The dismissal of the entire suit, including the claims against Barr, was simply a condition of the proposal and did not serve to transform the proposal for settlement into one made by multiple of-ferors.
 

 Affirmed.
 

 MAY, J., and TUTER, JACK, Associate Judge, concur.