ALTENBERND, Judge.
Linda Darrow appeals the trial court’s posttrial order denying her motion for attorney’s fees following her successful defense of a lawsuit filed by Mr. and Mrs. Heitman. Ms. Darrow sought fees as a result of two proposals for settlement that she had previously filed in this action. The trial court denied the motion, finding that Ms. Darrow had not satisfied the specificity requirement of Florida Rule of Civil Procedure 1.442(c)(2)(C) when she conditioned the settlement upon the signing of “a Release” without providing either a summary of the release or a proposed copy of the release. We are constrained to affirm the order.
Mr. and Mrs. Heitman purchased a home in Sarasota County from Ms. Darrow in 2006. They filed this lawsuit alleging that Ms. Darrow had misrepresented the condition of the property and had failed to disclose problems or defects in the property that she had a duty to disclose. The lawsuit alleged four counts— fraudulent misrepresentation, negligent misrepresentation, breach of contract, and breach of an implied duty of good faith and fair dealing. Ms. Darrow responded to the lawsuit and submitted two formal proposals for settlement pursuant to rule 1.442 and section 768.79, Florida Statutes (2007).
Each proposal was directed to only one of the plaintiffs. Except for the plaintiff identified in the proposal, the language of the two proposals was the same. The proposals each offered $500 to settle “any and all claims in consequence of the purchase of the home.” Each proposal was conditioned on the specified plaintiffs signing of “a Release” and upon the dismissal of the “above-styled action -with prejudice as to this Defendant.” Each proposal further explained that it was “meant to address only the claim of’ the specified plaintiff and not the claim of the other plaintiff.
Mr. and Mrs. Heitman did not respond to these proposals. Ultimately, a jury ruled against the Heitmans and awarded them no damages. Ms. Darrow then sought attorney’s fees on the basis of these offers. The Heitmans responded, arguing that the proposals were not enforceable because they contained a condition that was not stated with particularity. Primarily they argued that the content of “a Release” was unknown and could not be ascertained from the settlement proposal and that this created a condition that was not stated with particularity as required by the rule.
We have considerable doubt that the Heitmans’ attorney had a serious concern about the intended language of the release. On the other hand, rule 1.442 and the case law place no- onus upon the Heitmans’ attorney to clarify the terms of the proposal. In this case, the Heitmans brought an action seeking damages arising out of a purchase of real property that they owned by the entireties. Ms. Darrow did not state whether she wanted each plaintiff to sign a general or a specific release and did *186 not summarize the language that would be used to assure that the other plaintiffs claim on this jointly owned property would survive the execution of “a Release” by the other spouse.
In State Farm Mutual Automobile Insurance Co. v. Nichols, 932 So.2d 1067, 1078 (Fla.2006), the supreme court held that a release is a condition that must be stated with specificity in a proposal for settlement. The court emphasized that a summary of the proposed release could be sufficient. Id. at 1079. It went on, however, to find the summary that had been provided by State Farm to be insufficient because it did not adequately explain which claims would be extinguished by the release. Id.
Ms. Darrow attempts to distinguish her case from the facts in Nichols. Unfortunately, her proposal was perhaps even less specific than the summary in Nichols. In Nichols, the proposal was for a “general release” that would be “expressly limited to all claims, causes of action, etc., that have accrued through the date of Nichols’s acceptance of this Proposal.” Id. In this case, the condition of “a Release” did not clarify whether it would apply only to defects already discovered by the Heitmans or to all problems discovered in the future. Although it stated that it was “meant to address only the claim” of the specified plaintiff, given that the plaintiffs owned the property by the entireties, it did not even summarize language that might be used to assure that the release would not prejudice or affect the claim of the other spouse.
We have previously explained that a proposal for settlement must be presented with sufficient clarity that it “should be capable of execution without the need for judicial interpretation.” See Lucas v. Calhoun, 813 So.2d 971, 973 (Fla. 2d DCA 2002). We cannot say that the trial court erred in determining that this proposal did not satisfy that test.
Affirmed.
DAVIS and KHOUZAM, JJ., Concur.