COHEN, J.
 

 In
 
 Nichols v. State Farm Mutual,
 
 851 So.2d 742, 746 (Fla. 5th DCA 2003), this court stated that a “proposal for settlement is intended to end judicial labor, not create more.” (Citation omitted.) This case is but another example demonstrating that the authorizing statute and implementing rule encourage just the opposite. The issue in this appeal is the validity of a proposal for settlement that conditions acceptance on dismissing a defendant who is not an offeror.
 
 [1]
 

 Appellants, Kimberly M. Andrews and her minor daughter, Kyla Andrews, filed suit against Shannon D. Frey and Rudolph E. Frey, her father (sometimes collectively referred to as “Freys”), for injuries suffered in an automobile accident. Appellants sought damages from Shannon Frey for her negligence and from Rudolph Frey based on a theory of vicarious liability under the dangerous instrumentality doctrine. The Freys did not dispute their liability, only that Appellants sustained permanent damages. Prior to trial, Shannon Frey served separate proposals for settlement on both Kimberly Andrews and Kyla Andrews.
 

 The proposals for settlement were essentially identical except for the name of the offeree and the amount being offered. Each proposal for settlement identified Shannon Frey as the offeror and required the execution of a “full Release releasing Defendants, SHANNON D. FREY and RUDOLPH E. FREY, and their insurers, with regard to any and all claims that
 
 *378
 
 arose as a result of the subject incident set forth in Plaintiffs Complaint....” If accepted, the parties would also file a joint stipulation dismissing the suit with prejudice. As consideration, Shannon Frey offered $50,000 to Kimberly Andrews and $10,000 to Kyla Andrews. Both offers were rejected.
 

 At the conclusion of a jury trial, Kimberly Andrews’ net judgment after set-off was $21,416.67; Kyla Andrews’ net judgment after set-off was $0. The Freys subsequently moved for attorney’s fees and costs based on the rejection of the proposals for settlement, notwithstanding the fact that only Shannon Frey served the proposals for settlement. The trial court granted the motion and entered a final judgment against Kimberly Andrews and in favor of the Freys for $34,739.33.
 
 [2]
 
 This timely appeal followed.
 

 An offer of judgment or proposal for settlement, as it is often referred to, is intended to encourage settlement of litigation. Without detailing every requirement, this is accomplished by serving a proposal stating the amount, claims being settled, and any conditions and nonmone-tary terms on another party to the litigation.
 
 See
 
 § 768.79, Fla. Stat.; Fla. R. Civ. P. 1.442. If it is a joint proposal, it must “state the amount and terms attributable to each party.” Fla. R. Civ. P. 1.442(c)(3).
 

 Upon receipt, the receiving party must assess her case and determine whether to accept or reject the proposal. This assessment must be made objectively and honestly because a party who rejects a reasonable offer may be liable for the sending party’s attorney’s fees and costs from the date of the proposal. § 768.79, Fla. Stat. To take advantage of this penal aspect of the offer of judgment statute, however, the sending party must strictly comply with the requirements in section 768.79 and rule 1.442.
 
 See Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.,
 
 849 So.2d 276, 278 (Fla.2003) (offer of judgment statute and rule 1.442 are in derogation of common law and strictly construed). The proposal’s terms must also be “sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity within the proposal could reasonably affect the offer-ee’s decision,” it will be invalidated for failing rule 1.442’s requirement that all conditions and nonmonetary terms be stated with particularity.
 
 State Farm Mut. Auto. Ins. Co. v. Nichols,
 
 932 So.2d 1067, 1079 (Fla.2006). Whether a proposal for settlement complies with the requirements in section 768.79 and rule 1.442 is reviewed de novo.
 
 See Frosti v. Creel,
 
 979 So.2d 912, 915 (Fla.2008);
 
 Sparklin v. S. Indus. Assocs., Inc.,
 
 960 So.2d 895, 897 (Fla. 5th DCA 2007).
 

 The dispute in this case concerns the condition in the proposals for settlement requiring the individual offeree release both Shannon and Rudolph Frey, even though Shannon Frey was identified as the sole offeror. We reject Appellants’ initial argument that this provision rendered the proposals ambiguous because it was unclear whether they were joint proposals. The proposals for settlement clearly and unequivocally stated that Shannon Frey was the sole offeror. The fact that the proposals conditioned acceptance on releasing Rudolph Frey neither created an ambiguity, nor transformed them into joint offers.
 
 [3]
 

 See Eastern Atl. Realty &
 
 
 *379
 

 Inv., Inc. v. GSOMR LLC,
 
 14 So.3d 1215 (Fla. 3d DCA 2009);
 
 Alioto-Alexander v. Toll Bros., Inc.,
 
 12 So.3d 915 (Fla. 4th DCA 2009).
 

 Appellants also argue that the proposals for settlement were invalid because they did not differentiate the monies offered to settle their individual claims against Shannon and Rudolph Frey, yet required them to release Rudolph Frey if they wanted to accept the proposals. As a result, Appellants were unable to independently evaluate their claims against Rudolph Frey separate and apart from their claims against Shannon Frey. Appellants analogize this situation with that in
 
 Attorneys’ Title Insurance Fund, Inc. v. Gorka,
 
 36 So.3d 646, 649 (Fla.2010), where the supreme court invalidated a joint proposal for settlement that was conditioned on the mutual acceptance of both offerees. The supreme court reasoned that conditioning acceptance on the agreement of both offerees prevented the individual offerees from independently evaluating and settling his claims with the offeror.
 
 Id.
 
 Appellants argue that “[tjhere is no legal or logical reason to differentiate an offer of judgment made by a defendant contingent on acceptance from multiple plaintiffs, from an offer of judgment made by a defendant contingent on dismissal of multiple defendants.”
 

 Appellant’s argument is unpersuasive for two reasons. First, the proposals for settlement in this case were not joint and therefore did not need to apportion the amounts between Shannon and Rudolph Frey. Second, the proposals in this case are not analogous to those in
 
 Gorka.
 
 The joint proposal in
 
 Gorka
 
 was conditioned on acceptance by both offerees. Thus, neither offeree had any independent control to settle his claims against the offeror. This concern is not implicated in this case because Appellants did not have an independent claim against Rudolph Frey to evaluate or settle.
 

 In this case, the only disputed issue was whether Appellants suffered permanent damages; the issues of Shannon Frey’s negligence and Rudolph Frey’s vicarious liability were not disputed. Thus, the only issues Appellants had to evaluate were whether they could prove they sustained permanent damages, the amount of those damages, and from whom they would collect. Stated differently, Appellants only had to determine the total value of their claims and which party could pay. Shannon Frey’s proposals for settlement implicitly represented that she could pay the amounts offered and, therefore, Appellants’ only decision upon receiving them was whether the total value of their claims exceeded the amount offered. Because the issues of negligence and vicarious liability were not disputed and because Appellants did not assert a claim that would have imposed separate liability or damages on Rudolph Frey and because any damages awarded would have been equally collectible from Shannon or Rudolph Frey, Appellants had no independent claim against Rudolph Frey to evaluate.
 
 [4]
 
 Rath
 
 *380
 
 er, Appellants miscalculated the value of their claims in rejecting the proposals for settlement and must now pay the Frey’s attorney’s fees and costs.
 

 Like the Eleventh Circuit Court of Appeals in
 
 Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.,
 
 632 F.3d 1195 (11th Cir.2011), we certify to the supreme court, pursuant to Florida Rule of Appellate Procedure 9.125, the question:
 

 WHETHER THE TERM “JOINT PROPOSAL” IN RULE 1.442(C)(3) APPLIES TO CASES WHERE ACCEPTANCE OF THE OFFER IS CONDITIONED UPON DISMISSAL WITH PREJUDICE OF AN OFFEREE’S CLAIMS AGAINST AN OFFEROR AND A THIRD PARTY?
 

 AFFIRMED and QUESTION CERTIFIED.
 

 ORFINGER, C.J., and GRIFFIN, J., concur.
 

 [1]
 

 . We note that this very issue was certified by the Eleventh Circuit Court of Appeals in
 
 Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.,
 
 632 F.3d 1195 (11th Cir.2011).
 

 [2]
 

 . This sum was calculated by taking Kimberly Andrews' net judgment of $21,416.67 and subtracting it from the Freys’ attorney's fees and costs of $56,156.
 

 [3]
 

 . To support their argument that the proposals for settlement were joint and not simply from Shannon Frey, Appellants point out that the motion requesting, and order awarding,
 
 *379
 
 attorney’s fees and costs included both Shannon and Rudolph Frey. (At oral argument, Appellee acknowledged the award of fees to Rudolph Frey pursuant to the offer of judgment was erroneous. This post-trial error did not transform the pre-trial individual proposals into joint proposals given their unequivocal and unambiguous language indicating the sole offeror was Shannon Frey. Further, Appellants never objected to this error and the issue has not been preserved for this court’s review.)
 
 See Clear Channel Commc'ns, Inc. v. City of North Bay Village,
 
 911 So.2d 188 (Fla. 3d DCA 2005).
 

 [4]
 

 . In her concurring opinion in
 
 Dryden v. Pedemonti,
 
 910 So.2d 854, 858 (Fla. 5th DCA 2005), Judge Griffin suggested that the only
 
 *380
 
 permissible nonmonetary conditions were those the offeror would be entitled to by operation by law upon settlement because the offer of judgment statute simply contemplates a mathematical calculation. The proposals sent by Shannon Frey are consistent with this view of the offer of judgment statute and rule. Assuming that no proposals were sent and Appellants obtained the same jury verdict, Shannon Frey’s payment of the damages would have released both Freys, by operation of law, from any additional liability.