WOLF, J.
Appellant challenges the trial court’s order awarding costs and attorney’s fees, pursuant to section 768.79, Florida Statutes (2008). He alleges that a proposal for settlement served by appellee Audiffred was invalid because it was a joint proposal that failed to apportion the proposed amount between appellees. We agree and reverse.

Facts

Appellees Audiffred and Kimmons, who have been represented by the same attorney through the entire proceedings, filed a complaint against appellant for negligently driving a vehicle, which resulted in a collision. Audiffred requested damages for her personal injuries and car repairs, and Kimmons, her husband, requested damages for loss of consortium. Audiffred served appellant with a proposal for settlement, which stated:

Proposal for Settlement

Plaintiff, Valerie Audiffred, by and through the undersigned counsel hereby make [sic] the following proposal for settlement pursuant to F.S. § 768.79 and Rule 1.442 F.R.C.P., to wit:
1. Name of party or parties making this proposal:
Plaintiff: Valerie Audiffred
2. Party or parties to whom the proposal is being made:
Defendant: Thomas B. Arnold
3. Identify the claim or claims the proposal is attempting to resolve:
Any and all claims Plaintiffs have brought against the Defendant set forth in the Complaint in the above captioned case and any other claim or claims that may have risen as a result of the subject incident set forth in Plaintiffs’ Complaint, including attorney’s fees or costs.
4. Any relevant conditions:

Both Plaintiffs will dismiss this lawsuit, with prejudice, as to the Defendant.

5. Total amount of proposal:
Seventeen Thousand Five Hundred Dollars and no cents ($17,500.00).
(Emphasis added). Appellant constructively rejected the proposal for settlement by not responding within thirty days.
At the end of the trial, the jury awarded Audiffred $26,055.54 for her past medical expenses and did not award anything to Audiffred for permanent damages or to *748 Kimmons for his loss of consortium claim. Appellees requested costs and attorney’s fees pursuant to section 768.79, which allows a plaintiff to recover reasonable costs and attorney’s fees when he or she recovers a judgment at least twenty-five percent greater than the plaintiffs offer of settlement. Appellant filed a motion to strike the proposal for settlement arguing that the proposal was a joint one, and as such, it should have apportioned the amount between the appellees, but failed to do so. After a hearing regarding attorney’s fees, the trial court relied on Eastern Atlantic Realty & Investment, Inc. v. GSOMR LLC, 14 So.3d 1215 (Fla. 3d DCA 2009), and entered an order denying appellant’s motion to strike the proposal for settlement and granting appellees’ motion for fees.

Joint Proposals

Florida Rule of Civil Procedure 1.442(c) sets out the required format and content of proposals for settlement. It specifically states that a joint proposal must apportion the amount and terms attributable to each party:
(c) Form and Content of Proposal for Settlement
[[Image here]]
(3) A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.
Fla. R. Civ. P. 1.442(c)(3).
The Florida Supreme Court stated in Willis Shaw Express, Inc. v. Hilyer Sod, Inc. that “[a] strict construction of the plain language of rule 1.442(c)(3) requires that offers of judgment made by multiple offerors must apportion the amounts attributable to each offeror.” 849 So.2d 276, 278-79 (Fla.2003). When multiple offerors make a proposal for settlement to a single offeree, that individual is entitled to know the amount and terms attributable to each offeror in order to properly evaluate the offer. Allstate Ins. Co. v. Materiale, 787 So.2d 173, 175 (Fla. 2d DCA 2001). Moreover, apportioning the amount and terms between the parties “may be particularly important in claims alleging loss of consortium, where defendants may choose to settle the claim for a minimal amount and go to trial on the primary claim.” Id.

The Proposal for Settlement Was a Joint Proposal

Proposals for settlement are governed by the rules for interpretation of contracts. Pratt v. Weiss, 92 So.3d 851, 854 (Fla. 4th DCA 2012) (citing Dorson v. Dorson, 393 So.2d 632, 633 (Fla. 4th DCA 1981)). The proposal should be looked at as a whole and construed “ ‘according to its own clear and unambiguous terms.’” Id. (quoting Cueto v. John Allmand Boats, Inc., 334 So.2d 30, 32 (Fla. 3d DCA 1976)). An offer is defined as a “promise to do or refrain from doing some specified thing in the future, conditioned on an act, forbearance, or return promise being given in exchange for the promise or its performance.” Black’s Law Dictionary (9th ed. 2009).
In the case at hand, the proposal for settlement stated at the outset that it was submitted by only one party, Au-diffred. However, when read as a whole, the proposal clearly expressed a promise that the two appellees would dismiss with prejudice each of their individual claims against appellant upon acceptance. Their shared attorney, an individual who had the apparent authority to make this proposal for settlement, submitted this proposal. Therefore, reading the proposal as a whole, it was a joint proposal.
*749 In arguing the proposal was not joint, appellees rely on Alioto-Alexander v. Toll Bros., Inc., 12 So.Sd 915 (Fla. 4th DCA 2009), and Andrews v. Frey, 66 So.3d 376 (Fla. 5th DCA 2011), in which courts found that a proposal from one party that was conditioned on the offeree also releasing another individual from liability does not transform the offer into a joint proposal. The proposals in Toll Bros, and Andrews, however, did not promise that another individual would take affirmative action upon acceptance of the proposal. Therefore, Toll Bros, and Andrews are distinguishable.
The trial court and appellees also relied on Eastern, 14 So.3d 1215. Eastern is more similar to the case at hand because the proposal for settlement identified one party as the offeror and proposed that the offeror and another party would dismiss their claims against the offeree. In Eastern, Biscayne Joint Venture, Ltd. (BJV) and GSOMR filed claims against Eastern, who then counterclaimed against BJV. Id. at 1218. BJV then served a proposal for settlement offering $20,000 and dismissal of both BJV’s and GSOMR’s claims against Eastern, if Eastern dismissed its claims against BJV. Id. The Third District held the proposal was not joint, and therefore did not need to apportion between BJV and GSOMR, because it explicitly identified only one offeror: “While both BJV and GSOMR are identified in the proposal, the proposal explicitly states that BJV was the party making the offer to pay Eastern $20,000.” Id. at 1221. The district court, however, also discussed the context of the case: “Indeed, as Eastern did not seek any affirmative relief against GSOMR, no reason existed for GSOMR to offer payment of any monies to Eastern.” Id.
The Third District’s reasoning is somewhat unclear. To the extent the opinion can be read to say that the prefatory language in a proposal identifying the of-feror binds the court, we reject this contention. Here, while the first two paragraphs stated appellee Audiffred was the sole offeror, the proposal as a whole offered that both appellee Audiffred and ap-pellee Kimmons would dismiss their claims against appellant upon appellant’s acceptance. Therefore, the proposal was a joint proposal. Thus, it should have apportioned the settlement amount between ap-pellees.
We, therefore, reverse the trial court’s order awarding costs and attorney’s fees.
REVERSED.
DAVIS and ROBERTS, JJ., concur.