DAVIS, Judge,
Dissenting in part, concurring in part.
I respectfully dissent as to the affir-mance of the attorney’s fee issue but concur with the majority regarding the reversal as to court costs.
The majority concludes that the offer of settlement was ambiguous because although the offer was made to each defendant individually, the copy of the notice of dismissal that the plaintiff agreed to file with the court dismissed the case as to both of the named defendants. This difference between the wording of the offer and the attached notice, according to the majority, rendered the proposal unenforceable. I disagree.
The issue here is whether the recipient of the offer “can fully evaluate its terms and conditions” and whether, if the offer is accepted, it can be executed “without the need for judicial interpretation.” State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla.2006) (quoting Lucas v. Calhoun, 813 So.2d 971, 973 (Fla. 2d DCA 2002)). The Nichols ’ court states the test as follows: “If ambiguity within the proposal could reasonably affect the offeree’s decision, the proposal will not satisfy the particularity requirement.” Id.
The plaintiffs action was against the tortfeasor/driver of the vehicle and his employer/owner of the vehicle. The plaintiff made separate offers of settlement to each of the individually named defendants. Both offers used similar language. To the individual defendants, the plaintiff offered to settle the case against the defendant to which the offer was directed for the pay *928 ment of $60,000. That is, if the individual defendant paid $60,000, that defendant was assured that the case against that defendant would be voluntarily dismissed. However, the plaintiff also attached a copy of the notice of dismissal, which he contractually obligated himself to file with the court upon receipt of the specified sum. That notice did in fact release the individually named defendant and also dismissed the case against the other defendant.
The majority suggests that a reasonable interpretation of the plaintiffs offer and attached notice is that upon the acceptance of the offer by the named offeree, there would be a question as to whether the plaintiff would be obligated to dismiss only the named offeree or would be obligated to dismiss as to both defendants as specified in the attached notice. I disagree that a reasonable reading of the offer and attachment results in such a question. The offer specifically states that “[a] copy of the proposed Notice of Voluntarily Dismissal With Prejudice that the Plaintiff agrees to file with the Court upon the acceptance of this proposal by the Defendant is attached to this Proposal for Settlement and marked as Exhibit T and incorporated herein by this reference.” To suggest that an offeree could reasonably question whether the offeror will in fact comply with the specific terms of the offer is to suggest that all offers are ambiguous because such speculation could never be eliminated. The plain wording of the offer, that the attached notice of dismissal will be filed, is clear. The fact that the case is dismissed against both defendants and not just the offeree does not raise an issue of particularity. The offer is the attempt to settle with this named defendant. He, the named defendant, knows that upon acceptance of the offer, the case against him will be dismissed. Since this is not a joint offer but an individual offer, what more certainty can be required? The offer does not specify payment from any other person but the named defendant. There are no other contingencies that must be met. Thus, the offeree knows for certain that if he pays this amount, the case against him will be dismissed.
Accordingly, I disagree that the offeree in this case is unable to make a reasonable decision as to whether to accept this offer to resolve his individual liability to this plaintiff. I disagree with the majority that the ancillary promise in the attached notice to also dismiss the other named defendant in any way creates confusion in the mind of the named offeree as to whether his paying $60,000 to relieve his liability to the plaintiff is in his best interest. I would therefore reverse the trial court as to the attorney’s fee issue. But I would concur in the majority’s opinion as to the court costs.