# Supreme Court of Florida

_____

No. SC12-2377
_____

**VALERIE AUDIFFRED,**
Petitioner,

vs.

**THOMAS B. ARNOLD,**
Respondent.

[April 16, 2015]

LEWIS, J.

Petitioner Valerie Audiffred seeks review of the decision of the First District Court of Appeal in Arnold v. Audiffred, 98 So. 3d 746 (Fla. 1st DCA 2012), on the basis that it expressly and directly conflicts with decisions of the Third, Fourth, and Fifth District Courts of Appeal on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

## FACTS

Valerie Audiffred and her husband, Robert Kimmons, filed an action against Thomas Arnold that arose from an automobile collision. Arnold, 98 So. 3d at 747. In the complaint, Audiffred sought damages for her injuries and for vehicle repairs.

Id. Kimmons sought damages based upon loss of consortium. Id. On April 29, 2010, a settlement proposal was served upon Arnold which provided:

**PROPOSAL FOR SETTLEMENT**

Plaintiff, Valerie Audiffred, by and through the undersigned counsel hereby make the following proposal for settlement pursuant to F.S. § 768.79 and Rule 1.442 F.R.C.P., to wit:

1.    **NAME OF PARTY OR PARTIES MAKING THIS PROPOSAL:**

Plaintiff: Valerie Audiffred

2.    **PARTY OR PARTIES TO WHOM THE PROPOSAL IS BEING MADE:**

Defendant: Thomas B. Arnold

3.    **IDENTIFY THE CLAIM OR CLAIMS THE PROPOSAL IS ATTEMPTING TO RESOLVE:**

Any and all claims Plaintiffs have brought against the Defendant set forth in the Complaint in the above captioned case and any other claim or claims that may have risen as a result of the subject incident set forth in Plaintiffs' Complaint, including attorney's fees and costs.

4.    **ANY RELEVANT CONDITIONS:**

Both Plaintiffs will dismiss this lawsuit, with prejudice, as to the Defendant.

5.    **TOTAL AMOUNT OF PROPOSAL:**

Seventeen Thousand Five Hundred Dollars and no cents ($17,500.00).

Arnold constructively rejected the proposal when he did not respond within thirty days. Id.; see also Fla. R. Civ. P. 1.442(f)(1) ("A proposal shall be deemed

rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal.").

After a jury trial, a verdict was entered against Arnold in the amount of $26,055.54 for Audiffred's past medical expenses. Arnold, 98 So. 3d at 747. However, the jury did not award anything to Audiffred for permanent damages or to Kimmons for the loss of consortium claim. Id. at 747-48. Audiffred and Kimmons then filed a motion that sought an award of costs and attorney's fees pursuant to section 768.79, Florida Statutes (2014),[1] the offer of judgment statute, and Florida Rule of Civil Procedure 1.442. Id. at 748. Arnold moved to strike the settlement proposal on the basis that it was defective because it was filed only on behalf of Audiffred, but offered to settle the claims of both Audiffred and Kimmons. Arnold asserted that unapportioned settlement proposals that resolve the claims of multiple parties are improper, even where one claim is a loss of consortium claim filed by a spouse.

After a hearing, the trial court denied the motion to strike and entered an amended final judgment that awarded Audiffred and Kimmons costs and attorney's fees. The trial court explained:

the offer in this case was clear and unambiguous in that it identified the parties and clearly identified the monetary and non-monetary

---

1. Section 768.79 has not been amended since the incident in this case. Therefore, we reference the current version of the statute.

- 3 -

conditions, that both plaintiffs would dismiss their lawsuit with prejudice. Regardless of whether or not Valerie Audiffred had the authority to bind Robert Kimmons to a voluntary dismissal in the event that the defendant had accepted the proposal for settlement, the defendant clearly had the ability to evaluate the proposal and accept it on its terms. . . . Under the circumstances of this case[,] where Kimmons was represented by the same attorney that represented Audiffred, the Court finds that the proposal for settlement, including a provision that both plaintiffs would dismiss their lawsuit against the defendant, was unambiguous and legally sufficient.

On appeal, the First District reversed the award of costs and attorney's fees. Arnold, 98 So. 3d at 747. The district court concluded that the settlement offer constituted a joint proposal because, when read as a whole, it clearly expressed that Audiffred and Kimmons would dismiss their claims against Arnold with prejudice upon acceptance. Id. at 748. The district court also noted:

> The Florida Supreme Court stated in Willis Shaw Express, Inc. v. Hilyer Sod, Inc. that "[a] strict construction of the plain language of rule 1.442(c)(3) requires that offers of judgment made by multiple offerors must apportion the amounts attributable to each offeror." 849 So. 2d 276, 278-79 (Fla. 2003). When multiple offerors make a proposal for settlement to a single offeree, that individual is entitled to know the amount and terms attributable to each offeror in order to properly evaluate the offer. Allstate Ins. Co. v. Materiale, 787 So. 2d 173, 175 (Fla. 2d DCA 2001).

Id. Relying on Hilyer Sod, the First District held that the proposal was invalid for failure to comply with section 768.79 and rule 1.442 because it did not apportion the settlement amount between Audiffred and Kimmons. Id. at 747-48.

We granted review of Arnold based upon express and direct conflict with decisions that hold a proposal for settlement made by a single offeror to a single

offeree which upon acceptance will dismiss the entire action, including claims for or against a party who is neither an offeror nor offeree, is not an undifferentiated "joint proposal" that renders the offer invalid and unenforceable. See, e.g., Andrews v. Frey, 66 So. 3d 376 (Fla. 5th DCA 2011); Eastern Atl. Realty & Inv. Inc. v. GSOMR LLC, 14 So. 3d 1215 (Fla. 3d DCA 2009); Alioto-Alexander v. Toll Bros., Inc., 12 So. 3d 915 (Fla. 4th DCA 2009).

## ANALYSIS

### Relevant Provisions

Section 768.79, Florida Statutes, governs offers of judgment, and rule 1.442 delineates the procedures that implement this statutory provision. See Hilyer Sod, 849 So. 2d at 278. Section 768.79 provides, in relevant part:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. . . . If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. . . .

> (2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:

(a)  Be in writing and state that it is being made pursuant to this section.

(b)  Name the party making it and the party to whom it is being made.

(c)  State with particularity the amount offered to settle a claim for punitive damages, if any.

(d)  State its total amount.

The offer shall be construed as including all damages which may be awarded in a final judgment.

Rule 1.442 provides, in relevant part:

**(c)  Form and Content of Proposal for Settlement.**

. . . .

(2)  A proposal shall:

(A)  name the party or parties making the proposal and the party or parties to whom the proposal is being made;

. . . .

(C)  state with particularity any relevant conditions;

(D)  state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;

. . . .

(3)  A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.

Fla. R. Civ. P. 1.442 (emphasis supplied).[2]

---

2.  In 2011, the rule was amended to add subdivision (c)(4).  The new subdivision, which is not applicable to this case, states:

Notwithstanding subdivision (c)(3), when a party is alleged to be solely vicariously, constructively, derivatively, or technically liable, whether by operation of law or by contract, a joint proposal made by or served on such a party need not state the apportionment or

In the recent case <u>Pratt v. Weiss</u>, No. SC12-1783 (Fla. Apr. 16, 2015), we articulated the standards under which motions for costs and attorney's fees sought pursuant to section 768.79 and rule 1.442 are evaluated:

> The eligibility to receive attorney's fees and costs pursuant to section 768.79 and rule 1.442 is reviewed de novo. <u>See</u> <u>Frosti v. Creel</u>, 979 So. 2d 912, 915 (Fla. 2008). This Court has held that subdivision (c)(3) of rule 1.442, which requires a joint proposal to state the amount and terms attributable to each offeror or offeree, must be strictly construed because it, as well as the offer of judgment statute, is in derogation of the common law rule that each party is responsible for its own fees. <u>See</u> <u>Hilyer Sod</u>, 849 So. 2d at 278; <u>see also</u> <u>Gershuny v. Martin McFall Messenger Anesthesia Prof. Ass'n</u>, 539 So. 2d 1131, 1132 (Fla. 1989) ("[T]he rule in Florida requires that statutes awarding attorney's fees must be strictly construed."). [n.4] Thus, to be valid, an offer of judgment presented by multiple offerors must apportion the amount that is attributable to each offeror. <u>Hilyer Sod</u>, 849 So. 2d at 278-79.
>
> > [N.4.] This Court has also strictly applied other provisions of the offer of judgment statute and rule. <u>See</u> <u>Campbell v. Goldman</u>, 959 So. 2d 223, 226-27 (Fla. 2007) (holding that settlement proposal was invalid for failing to cite section 768.79 as mandated by both the statute and the rule).
>
> The purpose of the apportionment requirement in the rule is to allow each offeree to evaluate the terms and the amount of the offer as it pertains to him or her. <u>See</u> <u>id.</u> at 278 (quoting <u>Allstate Ins. Co. v. Materiale</u>, 787 So. 2d 173, 175 (Fla. 2d DCA 2001)). On more than one occasion, the Fourth District has referred to the requirement as a "bright line rule," to be applied without exception. <u>See</u> <u>Cano v.</u>

contribution as to that party. Acceptance by any party shall be without prejudice to rights of contribution or indemnity.

<u>In re Amends. to Fla. Rules of Civ. Pro.</u>, 52 So. 3d 579, 588 (Fla. 2010).

Hyundai Motor America, Inc., 8 So. 3d 408, 411 (Fla. 4th DCA 2009); Graham v. Yeskel, 928 So. 2d 371, 373 (Fla. 4th DCA 2006). Strict application of the requirement has resulted in the invalidation of offers of judgment where two plaintiffs presented an unapportioned settlement offer to one defendant, see Hilyer Sod, 849 So. 2d at 277; where one plaintiff presented an unapportioned settlement offer to two defendants, even though one defendant was alleged to be only vicariously liable, see Lamb[ v. Matetzschk, 906 So. 2d 1037, 1040 (Fla. 2005)]; [n.5] and where one defendant presented an offer to two plaintiffs that was conditioned upon the acceptance of both plaintiffs, see Attorneys' Title Insurance Fund, Inc. v. Gorka, 36 So. 3d 646, 647-48 (Fla. 2010). We held that the proposal in Gorka was invalid because the conditional nature of the offer divested each plaintiff of independent control over the decision to settle. Id. at 649.

> [N.5.] Lamb was decided prior to the 2011 amendment to rule 1.442.

Id. at 6-8. Further, in Materiale, the Second District Court of Appeal noted that apportionment of the settlement amount can be particularly important where a loss of consortium claim is involved because a defendant may elect to settle the consortium claim for a minimal amount, but proceed to trial on the primary claim. 787 So. 2d at 175; see also id. at 176 (Casanueva, J., concurring) ("[W]here a consortium claim is joined with a claim for personal injuries, the former claim may be more amenable to settlement than the latter because it may involve less money.").

Also relevant to our analysis today is subdivision (c)(2)(C) of rule 1.442, which requires that a proposal state "with particularity" any relevant conditions. While the rule does not require an offer to be completely free of ambiguity, we

have explained that the proposal must be sufficiently clear to permit the offeree to reach an informed decision without the need of clarification. State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006). If ambiguity within a proposal could reasonably affect the decision of an offeree, the proposal will not satisfy the particularity requirement. Id.

## This Case

Based upon these standards, we hold that the proposal for settlement did not comply with section 768.79 and rule 1.442. The complaint in this case involved separate claims by Audiffred and Kimmons. Although the proposal lists Audiffred as the sole offeror, if accepted by Arnold, the offer would have resolved all pending claims by both Audiffred and Kimmons. Thus, the proposal had the effect of settling claims by two plaintiffs against one defendant. Under the required strict construction of the rule and the statute, this ultimate effect of the offer requires that it be treated as a joint proposal.[3] Accordingly, for the proposal to be valid, it was

---

3. Not only did the offer have the effect of a joint proposal, but the subsequent motion for costs and attorney's fees filed after rendition of the verdict supports a conclusion that the offer was a joint proposal because it expressly provided:

> Plaintiffs, VALERIE AUDIFFRED and ROBERT KIMMONS, by and through undersigned counsel, and pursuant to Florida Statute § 768.79, as well as Florida Rules of Civil Procedure, 1.442 and 1.525, hereby respectfully requests this Court to enter judgment against the Defendant in the amount of Plaintiff's attorneys' fees . . . which have

- 9 -

necessary for the amount offered to be apportioned between Audiffred and Kimmons.

The proposal, however, does not describe what portion of the amount offered would be applicable to Audiffred, and what portion would be applicable to Kimmons. As written, the proposal does not clearly convey whether the settlement amount would be divided evenly between Audiffred and Kimmons, whether one plaintiff would take nothing while the other would receive the full amount offered, or whether some measure between the two was intended. Although Audiffred asserts that the intent of the proposal was for Kimmons not to receive any portion of the settlement amount for his loss of consortium claim, the actual language of the proposal is not at all clear on this matter. Instead, the proposal states only that upon payment of $17,500, Audiffred and Kimmons would "dismiss this lawsuit, with prejudice, as to the Defendant."

We conclude that due to this patent ambiguity, the offer lacked sufficient clarity to permit Arnold to reach an informed decision with regard to the settlement amount against the pending claims by Audiffred and Kimmons. See generally Nichols, 932 So. 2d at 1079. Accordingly, the settlement proposal was fatally

---

accrued since the date Plaintiffs served their Proposal for Settlement on Defendant.

(Emphasis supplied.) Thus, the motion recognized that the proposal, had it been accepted, would have settled the claims of two plaintiffs.

ambiguous and, therefore, invalid because it failed to state with particularity this critical condition of the offer. Fla. R. Civ. P. 1.442(c)(2)(C). Accordingly, the First District properly reversed the award of costs and attorney's fees to Audiffred and Kimmons.

## CONCLUSION

Based on the foregoing, we approve the decision in Arnold. We hold that when a single offeror submits a settlement proposal to a single offeree pursuant to section 768.79 and rule 1.442, and the offer resolves pending claims by or against additional parties who are neither offerors nor offerees, it constitutes a joint proposal that is subject to the apportionment requirement in subdivision (c)(3) of the rule. We conclude that the statute and the rule mandate apportionment under such circumstances to eliminate any ambiguity with regard to the resolution of claims by nonofferor/nonofferee parties. The decisions in Frey, GSOMR, and Alioto-Alexander are disapproved to the extent they are inconsistent with this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE and PERRY, JJ., concur.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

- 11 -

CANADY, J., dissenting.

Because there is no express and direct conflict of decisions underpinning the Court's review, I would dismiss this case for lack of jurisdiction under article V, section 3(b)(3) of the Florida Constitution.

Although the proposal for settlement in the case before us stated at the outset that it was submitted only by Audiffred, the First District concluded that it actually constituted a joint proposal. Arnold v. Audiffred, 98 So. 3d 746, 748 (Fla. 1st DCA 2012). The district court reasoned that the proposal was jointly made because, when read as a whole, it clearly expressed a promise that both plaintiffs Audiffred and Kimmons would dismiss their individual claims against Arnold upon acceptance. Id. Because the joint proposal did not apportion the amount offered between Audiffred and Kimmons, the district court held that the proposal was invalid. Id. at 747.

The majority granted review of this case based upon express and direct conflict with the decisions of the other district courts in Andrews v. Frey, 66 So. 3d 376 (Fla. 5th DCA 2011), Eastern Atlantic Realty & Investment Inc. v. GSOMR LLC, 14 So. 3d 1215 (Fla. 3d DCA 2009), and Alioto-Alexander v. Toll Brothers, Inc., 12 So. 3d 915 (Fla. 4th DCA 2009). Majority op. at 4-5. However, the district courts concluded that the proposals in each of those cases were made by a sole offeror, and therefore they were not required to state the amount and terms

attributable to each party.  Frey, 66 So. 3d at 379; Eastern, 14 So. 3d at 1222;

Alioto-Alexander, 12 So. 3d at 916-17.

In Frey and Alioto-Alexander, the proposals at issue were made by a single

defendant and were conditioned on the plaintiff releasing from liability both the

offeror defendant and a second nonofferor defendant.  Frey, 66 So. 3d at 378;

Alioto-Alexander, 12 So. 3d at 916.  The district courts in both cases found that the

proposals were not jointly made and that a proposal from one party conditioned on

the offeree also releasing another party from liability does not transform an offer

into a joint proposal.  Frey, 66 So. 3d at 378; Alioto-Alexander, 12 So. 3d at 917.

However, the First District distinguished the proposals in Frey and Alioto-

Alexander from the instant case because the proposals in those cases "did not

promise that another individual would take affirmative action upon acceptance of

the proposal," but here Audiffred's proposal promised that another individual,

Kimmons, would take affirmative action—i.e., dismiss his claims against Arnold—

upon acceptance of the offer.  Arnold, 98 So. 3d at 749.

In Eastern, both Biscayne Joint Venture, Ltd. ("BJV") and GSOMR, LLC

("GSOMR") filed claims against Eastern Atlantic Realty and Investment, Inc.

("Eastern").  14 So. 3d at 1218.  Eastern then counterclaimed against BJV, and the

cases were consolidated.  Id.  BJV served a proposal for settlement offering

$20,000 and dismissal of both BJV's and GSOMR's claims against Eastern, in

- 13 -

exchange for Eastern's dismissal of its claims against BJV.  Id.  The Third District held that the proposal was not a joint proposal that failed to apportion the amount offered between BJV and GSOMR because it "explicitly state[d] that BJV was the party making the offer to pay Eastern $20,000."  Id. at 1221.

The cases on which the majority relies to establish this Court's jurisdiction based on express and direct conflict are factually distinguishable from Arnold. While the proposal in Arnold was determined to be a joint proposal that failed to apportion the settlement amount between the two offerors, the proposals in Frey, Eastern, and Alioto-Alexander were found to be made by a single offeror. Consequently, the First District did not reach an opposite holding based on the same or closely similar controlling facts to those in Frey, Eastern, or Alioto-Alexander.  Therefore, I conclude that this Court is without jurisdiction to review Arnold based on express and direct conflict.  Accordingly, I dissent.

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

First District - Case No. 1D11-6583

(Escambia County)


Marcus Joseph Michles, II of Michles & Booth, P.A, Pensacola, Florida, and Louis Kahn Rosenbloum of Louis K. Rosenbloum, P.A, Pensacola, Florida,

for Petitioner

Jeffrey Errol Bigman of Smith, Hood, Loucks, Stout, Bigman, & Brock, P.A., Daytona Beach, Florida, and Michelle Lynn Hendrix of Vernis & Bowling, Pensacola, Florida,

for Respondent