CANADY, J.,
dissenting.
Because there is no express and direct conflict of decisions underpinning the Court’s review, I would dismiss this case for lack of jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
Although the proposal for settlement in the case before us stated at the outset that it was submitted only by Audiffred, the First District concluded that it actually constituted a joint proposal. Arnold v. Audiffred, 98 So.3d 746, 748 (Fla. 1st DCA 2012). The district court reasoned that the proposal was jointly made because, when read as a whole, it clearly expressed a promise that both plaintiffs Audiffred *1281 and Kimmons would dismiss their individual claims against Arnold upon acceptance. Id. Because the joint proposal did not apportion the amount offered between Audiffred and Kimmons, the district court held that the proposal was invalid. Id, at 747.
The majority granted review of this case based upon express and direct conflict with the decisions of the other district courts in Andrews v. Frey, 66 So.3d 376 (Fla. 5th DCA 2011), Eastern Atlantic Realty & Investment Inc. v. GSOMR LLC, 14 So.3d 1215 (Fla. 3d DCA 2009), and Alioto-Alexander v. Toll Brothers, Inc., 12 So.3d 915 (Fla. 4th DCA 2009). Majority op. at 1276-77. However, the district courts concluded that the proposals in each of those cases were made by a sole offeror, and therefore they were not required to state the amount and terms attributable to each party. Frey, 66 So.3d at 379; Eastern, 14 So.3d at 1222; Alioto-Alexander, 12 So.3d at 916-17.
In Frey and Alioto-Alexander, the proposals at issue were made by a single defendant and were conditioned on the plaintiff releasing from liability both the offeror defendant and a second nonofferor defendant. Frey, 66 So.3d at 378; Alioto-Alexander, 12 So.3d at 916. The district courts in both cases found that the proposals were not jointly made and that a proposal from one party conditioned on the offeree also releasing another party from liability does not transform an offer into a joint proposal. Frey, 66 So.3d at 378; Alioto-Alexander, 12 So.3d at 917. However, the First District distinguished the proposals in Frey and Alioto-Alexander from the instant case because the proposals in those cases “did not promise that another individual would take affirmative action upon acceptance of the proposal,” but here Audiffred’s proposal promised that another individual, Kimmons, would take affirmative action — i.e., dismiss his claims against Arnold — upon acceptance of the offer. Arnold, 98 So.3d at 749.
In Eastern, both Biscayne Joint Venture, Ltd. (“BJV’) and GSOMR, LLC (“GSOMR”) filed claims against Eastern Atlantic Realty and Investment, Inc. (“Eastern”). 14 So.3d at 1218. Eastern then counterclaimed against BJV, and the eases were consolidated. Id. BJV served a proposal for settlement offering $20,000 and dismissal of both B JVs and GSOMR’s claims against Eastern, in exchange for Eastern’s dismissal of its claims against BJV. Id. The Third District held that the proposal was not a joint proposal that failed to apportion the amount offered between BJV and GSOMR because it “explicitly state[d] that BJV was the party making the offer to pay Eastern $20,000.” Id. at 1221.
The cases on which the majority relies to establish this Court’s jurisdiction based on express and direct conflict are factually distinguishable from Arnold. While the proposal in Arnold was determined to be a joint proposal that failed to apportion the settlement amount between the two offer-ors, the proposals in Frey, Eastern, and Alioto-Alexander were found to be made by a single offeror. Consequently, the First District did not reach an opposite holding based on the same or closely similar controlling facts to those in Frey, Eastern, or Alioto-Alexander. Therefore, I conclude that this Court is without jurisdiction to review Arnold based on express and direct conflict. Accordingly, I dissent.
POLSTON, J., concurs.