IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

July 10, 2015

GLENN MILEY and KYLE MILEY,      )
                                 )
        Appellant,               )
                                 )
v.                               )      Case No. 2D14-930
                                 )
MARTHA NASH,                     )
                                 )
        Appellee.                )
_____  )


BY ORDER OF THE COURT:


        Appellant's motion for rehearing is granted in part.  The prior opinion dated April

29, 2015, is withdrawn, and the attached opinion is issued in its place.  No further

motions for rehearing will be entertained.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


JAMES BIRKHOLD, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GLENN MILEY and KYLE MILEY,      )
                                 )
          Appellants,            )
                                 )
v.                               )          Case No. 2D14-930
                                 )
MARTHA NASH,                     )
                                 )
          Appellee.              )
                                 )
_____)

Opinion filed July 10, 2015.

Appeal from the Circuit Court for Manatee
County; Diana L. Moreland, Judge.

Dorothy Venable DiFiore of Haas, Lewis,
DiFiore P.A., Tampa (withdrew after
briefing); Betsy E. Gallagher of Kubicki
Draper, P.A., Tampa (substituted as
counsel of record), for Appellants.

Derek A. Reams of Leonard A. McCue
& Associates, P.A., Bradenton, for
Appellee.


CRENSHAW, Judge.

          In this appeal we review an order denying a motion for entitlement to

attorney's fees and costs pursuant to a proposal for settlement, which the trial court

found failed to strictly comply with section 768.79, Florida Statutes (2013), and Florida

Rule of Civil Procedure 1.442.  Because the trial court erred in finding the proposal for

settlement legally insufficient, we reverse the order and remand to the trial court to determine the amount of costs and attorney's fees.

This case arose from a car accident in which Kyle Miley, driving a vehicle owned by Glenn Miley, collided with a vehicle driven by Martha Nash. In a two-count complaint, Martha Nash sued for bodily injury damages in count one, while her husband, Garfield Nash, sued for loss of consortium in count two. The Nashes sued Glenn Miley solely for his vicarious liability as the vehicle's owner. The Mileys admitted fault but eventually proceeded to a jury trial as to the issues of causation and damages. During the pretrial phase of the case Kyle Miley made a proposal for settlement to Martha Nash, offering to pay the sum of $58,590 in "an attempt to resolve all claims and causes of action resulting from the incident or accident giving rise to this lawsuit brought by Plaintiff Martha Nash against Defendant Kyle Miley." The proposal required that Martha Nash dismiss both Glenn and Kyle Miley from the lawsuit in exchange for the payment from Kyle Miley and that the parties each pay their own attorney's fees and costs. The proposal did not mention Garfield Nash or his then-pending loss of consortium claim; Mr. Nash ultimately dropped his claim prior to trial. Martha Nash rejected the proposal and the case proceeded to trial, resulting in a jury verdict in her favor in the amount of $17,955 as damages for past medical expenses incurred as a result of the crash. The trial court then denied a motion seeking attorney's fees and costs under section 768.79. In so ruling, the trial court determined that the proposal for settlement was deficient for (1) "fail[ing] to specifically identify the claim or claims the proposal is attempting to resolve," (2) "fail[ing] to specifically address the pending loss of consortium claim," (3) "fail[ing] to state with particularity any relevant conditions," (4)

"fail[ing] to specifically state the amount and terms of the proposal attributable to each party," and (5) "requir[ing] dismissal of Defendants Kyle Miley *and* Glenn Miley without designating the amount attributable to each Defendant." We address each of these findings in turn.

The proposal sufficiently identified the claims to be resolved. Florida Rule of Civil Procedure 1.442(c)(2)(B) requires that a proposal must "identify the claim or claims the proposal is attempting to resolve." The language of the proposal clearly announced that it was targeted to address "all claims and causes of action resulting from the incident or accident giving rise to th[e] lawsuit brought by Plaintiff Martha Nash against Defendant Kyle Miley." Thus, the proposal was only meant to resolve the bodily injury claims brought by Martha Nash in count one and not the loss of consortium claim brought by Garfield Nash in count two. Courts have found such general statements regarding the claims to be resolved in proposals to be sufficient under the rule. See, e.g., D.A.B. Constructors, Inc. v. Oliver, 914 So. 2d 462, 463 (Fla. 5th DCA 2005) (finding the joint proposal deficient for failing to apportion amounts but noting the proposal to "settle all claims raised in the action" was otherwise compliant with rule 1.442); Bd. of Trs. of Fla. Atl. Univ. v. Bowman, 853 So. 2d 507, 508 (Fla. 4th DCA 2003) (finding the language "[a]ny and all claims which were raised or could have been raised in this action by any party against any other party," to be unambiguous). Indeed, this court has explained that "[w]hen the proposal indicates that it seeks to resolve all claims identified in the complaint, or in a specific count, it is unnecessary to identify the various elements of damages in the settlement proposal." Lucas v. Calhoun, 813 So. 2d 971, 972 n.1 (Fla. 2d DCA 2002). The use of the phrases "all claims" and "giving

- 4 -

rise to th[e] lawsuit" is appropriate because, although Martha Nash brought only one "count" in the complaint, within that count she specifically sought damages including

> bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization in the past and/or future, medical and nursing care and treatment in the past and/or future, past lost wages, loss of future earning capabilities . . . and/or aggravation of a previously existing condition.

While it may have been more specific to refer directly to the language used in the complaint in identifying the claims the proposal is attempting to resolve, the language used by Kyle Miley in the proposal did not contain a level of ambiguity that would render Martha Nash unable to "make an informed decision without needing clarification."  State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006) ("[G]iven the nature of language, it may be impossible to eliminate all ambiguity.").  We distinguish the proposal in this case from the proposal addressed in Nichols, which the supreme court found to be "too ambiguous to satisfy rule 1.442."  Id. In Nichols, the proposal stated it would settle "any and all of Nichols's claims and causes of action in, or arising out of, the above-styled case."  Id.  Importantly,

> [a]t the time of the offer, Nichols not only had a pending PIP claim against State Farm, but also a UM claim arising from the same accident and of greater value.  Although that claim was not technically "in . . . the above-styled case," it could have been viewed as a claim "arising out of . . . the above-styled case," because it arose from the same set of facts.

Id.  The supreme court explained that under these facts, the proposal was ambiguous because it failed to "clarify which of [the] offeree's outstanding claims against the offeror will be extinguished by any proposed release."  Id. at 1080.  Unlike in Nichols, Martha Nash had no other pending claims at the time of the proposal.  Nothing in Kyle Miley's

- 5 -

proposal could be read to extinguish any claims besides those relating to the lawsuit brought by Martha Nash. Accordingly, there is no ambiguity in this portion of the proposal that could reasonably affect Martha Nash's decision to accept or reject the proposal.

The proposal did not need to address Garfield Nash's separate loss of consortium claim. As explained above, the rule requires that a proposal identify the claims it is "attempting to resolve," not every claim related to the suit brought by either plaintiff. Although the loss of consortium claim was pending against the Mileys at the time of the proposal, that claim was not affected by the proposal for settlement because it was Garfield Nash's separate and distinct claim, despite its derivative nature. See United Servs. Auto. Ass'n v. Behar, 752 So. 2d 663, 665 (Fla. 2d DCA 2000) ("Although Mrs. Behar's [loss of consortium] claim is derivative, it is her cause of action, not Dr. Behar's and not their joint claim."). Garfield Nash was still free to pursue his loss of consortium claim even if Martha Nash accepted the proposal because it would only dismiss her claims; the proposal required no action or input on the part of Garfield Nash whatsoever because his cause of action was his own. Cf. Blanton v. Godwin, 98 So. 3d 609, 611 (Fla. 2d DCA 2012) (considering a proposal for settlement made by plaintiff who brought only a loss of consortium claim against one defendant resulting from his coplaintiff-wife's injury to be its own separate proposal). Because the proposal explicitly stated that it was to cover all claims brought by Martha Nash, it was not deficient for failing to address the other pending claim in the lawsuit brought by an entirely different plaintiff. This reasoning is consistent with the supreme court's statement in Nichols that "settlement proposals must clarify which of an offeree's outstanding claims against the

- 6 -

offeror will be extinguished by any proposed release." 932 So. 2d at 1080. Because Garfield Nash was not an offeree under the proposal, there was no need to address his claim. Accordingly, the failure to mention the loss of consortium claim did not render the proposal defective.

Next, the proposal did not fail to meet the particularity requirement under the statute and the rule. The relevant conditions of the proposal were included and sufficiently described: the exact amount Kyle Miley would pay; the exact claims the proposal would resolve; the exact action to be taken by Martha Nash, namely dismissal; the condition that each party would pay its own attorney's fees; and the additional condition that Glenn Miley would also be dismissed from the suit, as to Martha Nash. The wording of these conditions does not create any ambiguity as to what the effect of accepting the proposal will be. See Carey-All Transp., Inc. v. Newby, 989 So. 2d 1201, 1206 (Fla. 2d DCA 2008) ("[P]arties should not 'nit-pick' the validity of a proposal for settlement based on allegations of ambiguity unless the asserted ambiguity could 'reasonably affect the offeree's decision' on whether to accept the proposal for settlement." (quoting Nichols, 932 So. 2d at 1079)). If accepted, Kyle Miley's proposal would be "capable of execution without the need for judicial interpretation." Lucas, 813 So. 2d at 973. In Lucas, this court found a proposal deficient under the rule because it "failed to indicate whether the claims would be resolved by a release (full or partial), a dismissal, or any other means." Id. Here, unlike Lucas, Kyle Miley specifically requested Martha Nash's claims be resolved by dismissal in exchange for an explicit monetary amount. Accordingly, the terms of the proposal satisfy the particularity requirement.

- 7 -

Finally, the proposal did not need to apportion any amount attributable to Glenn Miley despite the fact that the proposal required Martha Nash to dismiss her claims against him because he was solely vicariously liable. The supreme court has recently held that "when a single offeror submits a settlement proposal to a single offeree . . . and the offer resolves pending claims by or against additional parties who are neither offerors nor offerees, it constitutes a joint proposal that is subject to the apportionment requirement . . . ." Audiffred v. Arnold, 161 So. 3d 1274, 1280 (Fla. 2d DCA 2015). Thus, because the offer resolved claims pending against both Glenn and Kyle Miley it was a joint offer. However, Audiffred concerned a previous version of rule 1.442 which is not at issue in the instant case. Id. at 1278 n.2. Rule 1.442 was amended to include subsection (c)(4), effective January 1, 2011. See In re Amendments to Fla. Rules of Civil Procedure, 52 So. 3d 579, 581 (Fla. 2010). That subsection provides "when a party is alleged to be solely vicariously . . . liable . . . a joint proposal made by or served on such a party need not state the apportionment or contributions as to that party." Fla. R. Civ. P. 1.442(c)(4). Therefore, while the Mileys' proposal was a joint one, because Glenn Miley was solely vicariously liable no apportionment was necessary.

Accordingly, the order denying the motion for costs and attorney's fees pursuant to section 768.79 is reversed and the case remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

VILLANTI, C.J., and KELLY, J., Concur.